# Robin F. Dougherty v. Philip Surgen and Barbara Surgen

[518 A.2d 364]

No. 85-150

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 22, 1986

Motion for Reargument Denied September 24, 1986

*David A. Williams*, Morrisville, for Plaintiff-Appellee.

*William W. Dibbern*, Barre, for Defendants-Appellants.

**Allen, C.J.** Defendants appeal the denial of their motion to vacate a default judgment entered against them. The court's order is reversed and the judgment vacated.

Plaintiff brought suit against defendants, her landlords, for personal injuries allegedly caused when she tried to enter her apartment through a second-story window after defendants had

unlawfully locked her out. An attorney retained by the defendants entered an appearance and filed an answer denying the plaintiff's allegations. The attorney moved to withdraw after difficulties arose between defendants and the attorney. After a hearing on the motion, at which the defendants did not appear, the motion was granted. The defendants were served notice that leave to withdraw had been granted, and that they had thirty days to "either obtain new counsel or enter a pro se appearance . . . ." They were further notified that a failure to comply "within this designated period subjects you to default judgment . . . ." See V.R.C.P. 79.1(g). Defendants did not respond to this notice.

The plaintiff filed a motion for "judgment by default." It does not appear from the record that the clerk of the court entered the default of the defendants as required by V.R.C.P. 55(a). The court nevertheless granted plaintiff's motion for a judgment by default based on the defendants' failure "to appear by counsel or pro se."

The matter was then set for a hearing on damages. The court heard plaintiff's testimony and fixed damages, and judgment was entered on that amount. After the judgment order was served on them, defendants moved to vacate the default judgment pursuant to V.R.C.P. 55(c) and 60(b). The motion was denied and this appeal followed.

■ A motion to vacate a default judgment is addressed to the sound discretion of the trial court, and the denial of the motion will be reversed only upon a demonstration of an abuse of that discretion. *Vahlteich* v. *Knott,* 139 Vt. 588, 590, 433 A.2d 287, 288 (1981). Nevertheless, "the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served." *Desjarlais* v. *Gilman,* 143 Vt. 154, 158-59, 463 A.2d 234, 237 (1983). Due process favors the rights of the defendants to be heard in their own defense. "[D]enial of that right, and rejection of the remedies for default, must have strong support." *Childs* v. *Hart,* 131 Vt. 241, 243, 303 A.2d 139, 140 (1973). Therefore, a "court should be indulgent in opening decrees entered by default." *Vahlteich, supra,* 139 Vt. at 590, 433 A.2d at 288.

■ Here, there were procedural irregularities involved in the entry of the default judgment. A default was never entered by the clerk of the court, as required by V.R.C.P. 55(a). A default may

not be entered unless it appears that a defendant has failed to plead or otherwise defend. The defendants had appeared, filed a detailed answer to the complaint, asserted a counterclaim and obtained a dissolution of the attachment that plaintiff had obtained.

Further, even if an entry of default was justified by their failure to "otherwise defend," having appeared and filed an answer, the defendants were entitled to three-days' notice of the hearing on the application for judgment under 55(b)(2). *Reuther v. Gang,* 146 Vt. 540, 542, 507 A.2d 972, 973 (1986). The withdrawal of defendants' counsel did not negate defendants' appearance; it "means no more than that that particular firm of lawyers ceased to represent the defendant[s]." *United States* v. *Edgewater Dyeing & Finishing Co.,* 21 F.R.D. 304, 304-05 (E.D. Pa. 1957). Withdrawal of counsel only made it necessary to serve notice on the defendants rather than their counsel: it did not eliminate the notice requirement. *Gulf Coast Fans, Inc.* v. *Midwest Electronics Importers, Inc.,* 740 F.2d 1499, 1512 (11th Cir. 1984); *Bass* v. *Hoagland,* 172 F.2d 205, 209 (5th Cir. 1949).

Defendants' original appearance remained sufficient for purposes of the notice requirement of Rule 55(b)(2). As they were not given the required three-days' notice of the hearing on plaintiff's motion, the default judgment must be vacated.

*Judgment vacated and the matter is remanded for trial on the merits.*