2013 VT 81

**Ying Ji v. David Heide**

[82 A.3d 1160]

No. 12-366

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed September 13, 2013

*Jasdeep Pannu* of *Law Office of Jasdeep Pannu*, Burlington, for Plaintiff-Appellant.

*Stuart Bennett* and *Jonathan Ciappa* of *Bennett & Zaikowski, PC*, Shelburne, for Defendant-Appellee.

¶ 1. **Robinson, J.** The question in this case is whether the trial court's dismissal of plaintiff's eviction action on account of her lawyer's failure to attend a scheduled status conference can withstand a motion to set aside the judgment pursuant to Vermont Rule of Civil Procedure 60(b) given the facts of this case. We conclude that it cannot and reverse.

¶ 2. For the purposes of this appeal, we assume the following facts.[1] The parties were formerly married. In March 2011, defendant began residing at a property owned by plaintiff. In March 2012, after previously serving defendant with a notice to termi-nate, plaintiff filed a complaint for eviction in the Chittenden Superior Court, Civil Division. The complaint alleged that defendant had not paid rent, and sought the fair market rental value. Thereafter, plaintiff withdrew her request for rental arrearages and attached a written rental agreement between the parties obligating defendant to pay plaintiff $1 a month in rent. Plaintiff then moved for damages alleging that defendant had negligently repaired the garage on the property. In his answer, defendant counterclaimed for damages to compensate him for the work performed on the garage.

¶ 3. The case was scheduled for a status conference in June 2012. Plaintiff requested a continuance, and the court rescheduled the conference for July 5, 2012. The court sent a hearing notice to both parties' attorneys on June 13. Neither plaintiff nor her attorney appeared at the July 5 status conference. On defendant's motion, the court dismissed the case with prejudice that same day. The court noted that plaintiff and her attorney had failed to appear after asking the case to be continued, and that defendant did not wish to pursue his counterclaim and had left the property.

¶ 4. Plaintiff did not appeal the dismissal, and did not file a timely motion to alter or amend the judgment of dismissal pursuant to Vermont Rule of Civil Procedure 59. Instead, on August 1, 2012, plaintiff's attorney filed a motion under Rule 60(b)(1) requesting relief from judgment based on excusable neglect. Plaintiff's attorney acknowledged that he had received written notice of the July 5, 2012 status conference and had failed to note it in his own calendar system. He explained that he had relied on the Vermont Judiciary's online calendar that day and the

---

[1] Our understanding of the relevant circumstances relies in part on plaintiff's counsel's uncontradicted representations about his actions.

online calendar did not list the hearing.[2] As a consequence, he did not realize that there was a hearing that morning. Plaintiff's attorney alleged that the dismissal with prejudice had harmed plaintiff because defendant owed plaintiff money for negligently repairing the garage. The court denied the motion, concluding that plaintiff's scheduling error did not amount to excusable neglect under Rule 60(b)(1). Plaintiff appeals, arguing that her attorney's failure to attend the status conference was neither purposeful nor prejudicial to defendant.

¶ 5. We note at the outset that if plaintiff had directly appealed on August 1, 2012, instead of filing a Rule 60(b) motion, this would be an easier case. The Vermont Rules of Civil Procedure allow a trial court to dismiss a case on account of the plaintiff's failure to pursue it, or because the plaintiff has not complied with a court order, including failing to attend a scheduled court hearing. V.R.C.P. 41(b)(2) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.").

¶ 6. ▇ ▇ That general power is limited by several important considerations. First, the law favors disposition of cases on their merits. *Nichols v. Hofmann*, 2010 VT 36, ¶ 4, 188 Vt. 1, 998 A.2d 1040; *Dougherty v. Surgen*, 147 Vt. 365, 366, 518 A.2d 364, 365 (1986). Second, sanctions against litigants should be proportionate to their offenses. See *State v. Jones*, 157 Vt. 553, 557, 601 A.2d 502, 504 (1991) (explaining that where a party does not prosecute its case, court should "fashion a sanction appropriate to the circumstances" and "[o]nly rarely would a sanction of final termination of the case be appropriate"). In light of these first two considerations, we have recognized in the discovery context that the sanction of dismissal for failure to comply with discovery orders is a last resort, not a first stop. Reversing a trial court's dismissal of a juvenile case on account of the State's willful violation of discovery orders, this Court explained:

---

[2] At oral argument on appeal, counsel clarified that he had apparently checked the Vermont Judiciary VTCourts Online calendar system the morning of July 5 to search for any hearings for which he was scheduled that day. Counsel acknowledged that the main page of the online calendar tool expressly advised that cases in the Superior Court, Chittenden Unit, Civil Division were not then included within that system. The error in this case thus did not arise due in any part to erroneous online calendaring by the court system.

> We agree that dismissal of the proceeding may be a necessary sanction in some cases. However, the sanction' should not be harsher than necessary to accomplish the goals of the discovery rules. The use of a dismissal sanction is proper only if the court finds that the defendant would be prejudiced by anything less than dismissal.

*In re F.E.F.*, 156 Vt. 503, 515, 594 A.2d 897, 905 (1991) (citations omitted); see *John v. Med. Ctr. Hosp. of Vt., Inc.*, 136 Vt. 517, 519, 394 A.2d 1134, 1135 (1978) (holding that where ultimate sanction of dismissal used, court must find "bad faith or deliberate and willful disregard for the court's orders" and prejudice to party seeking sanction).

¶ 7. ▪ Third, courts must be wary of imposing sanctions on a party without notice and an opportunity to be heard concerning the proposed sanction. *Lawson v. Brown's Home Day Care Ctr., Inc.*, 2004 VT 61, ¶ 14, 177 Vt. 528, 861 A.2d 1048 (mem.) (stating that, when a court relies on its inherent authority to impose sanctions, "the party being sanctioned must be provided with fair notice of the charge . . . and an opportunity to be heard").

¶ 8. ▪ The efficiency and effectiveness of our judicial process depends on compliance by parties and lawyers with scheduling and other procedural orders by the court. A lawyer's missing a scheduled status conference is no small matter, and the omission needlessly sapped judicial resources and presumably imposed costs on defendant in both time and attorney's fees. The trial court justifiably bristled at plaintiff's counsel's failure to attend a status conference that had been rescheduled at plaintiff's request. But the court had at its disposal a range of tools to deal with the infraction, dismissal with prejudice being the most onerous to plaintiff. The court could have required plaintiff to show cause as to why she should not be required to pay defendant's attorney's fees associated with attending the status conference. It could have limited plaintiff's ability to obtain future continuances. It could have warned plaintiff that any future failure to comply with a directive of the court would result in sanctions, including the possibility of dismissal. It could have sanctioned counsel after notice, an opportunity for hearing, and the necessary findings. See *Van Eps v. Johnston*, 150 Vt. 324, 327, 553 A.2d 1089, 1091 (1988) (explaining that trial courts have "inherent power to assess . . .

consequential damages" against attorney who abuses court process by, among other things, causing scheduling delays).

¶ 9. For these reasons, if we were reviewing on direct appeal the trial court's decision to dismiss plaintiff's case, we would readily conclude that the trial court exceeded its discretion by dismissing plaintiff's case outright with no notice to plaintiff because counsel failed to appear at a status conference.[3]

¶ 10. The posture of this case — we are reviewing the denial of a motion to set aside a judgment under Rule 60(b)(1) — makes things harder. Rule 60(b)(1) allows the court to relieve a party of a final judgment order for "mistake, inadvertence, surprise, or excusable neglect." The trial court has discretion in deciding a Rule 60(b) motion, and we will affirm "unless the record indicates that such discretion was abused." *Lyddy v. Lyddy*, 173 Vt. 493, 497, 787 A.2d 506, 513 (2001) (mem.). The question before us now is whether plaintiff has established the requisite "excusable neglect" to warrant reopening a final judgment — a closer question than the actual merits of the trial court's dismissal with prejudice.

¶ 11. ▪ In the context of a late filing, the U.S. Supreme Court has described "excusable neglect" as an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such circumstances include, without limitation: "the danger of prejudice to the [responding party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The excusable neglect standard is intended to encompass acts of negligence, but does not reach "every instance of an inadvertent or negligent omission." *Id.* at 394. This Court has incorporated the *Pioneer* factors to define excusable neglect for purposes of extending the appeal period under Vermont Rule of Appellate Procedure 4. *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60, 838 A.2d 98.

---

[3] Given the trial court's own statement at the status conference that it would dismiss plaintiff's action and then "see what happens," we surmise that the trial court expected that the dismissal itself would serve as notice. The trial court might reasonably have supposed that if plaintiff was dissatisfied with the dismissal and had an explanation for her absence and the absence of counsel, she would timely request amendment of the judgment.

552

¶ 12. ▪ In the specific context of Rule 60(b) motions to set aside default judgments, we have generally been particularly attentive to the goal of adjudicating a case on its merits. Because "a judgment by default effectively deprives a defendant of an opportunity to have the merits . . . determined through the normal adversary judicial process," we have held that "the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served." *Desjarlais v. Gilman*, 143 Vt. 154, 157, 158-59, 463 A.2d 234, 236, 237 (1983); see *Courtyard Partners v. Tanner*, 157 Vt. 638, 639, 595 A.2d 287, 288 (1991) (mem.) ("[T]he trial court should generally reopen 'absent culpable negligence or deliberate purpose to delay.'" (quoting *Childs v. Hart*, 131 Vt. 241, 243, 303 A.2d 139, 141 (1973))); *Dougherty*, 147 Vt. at 366, 518 A.2d at 365 ("[A] court should be indulgent in opening decrees entered by default." (quotation omitted)).

¶ 13. Although the dismissal below was not a default judgment, the court's resolution of the case on the merits based on a party's failure to appear at a court hearing shares critical characteristics of a default judgment. See *Courtyard Partners*, 157 Vt. at 638, 595 A.2d at 288 ("Because plaintiff presented evidence on the merits, this is not a default judgment case. Nevertheless, the considerations applicable to defaults are similar here because defendants' defenses have never been addressed on the merits." (citation omitted)). Like a default judgment, the court's dismissal had the effect of a final judgment on the merits without consideration of the underlying facts and law. For that reason, we draw guidance from cases concerning setting aside default judgments in reviewing the trial court's refusal to set aside its dismissal of plaintiff's claims.

¶ 14. ▪ Given the law's preference for adjudication on the merits, we conclude that the trial court's denial of plaintiff's motion to set aside the judgment exceeded its discretion. We acknowledge that, as the trial court concluded, plaintiff's explanation for not appearing at the status conference was not compelling. Plaintiff's lawyer failed to properly calendar the hearing and instead relied on an online calendar that expressly excluded the court in which this case was pending. This error is not the kind of "excusable neglect" that would warrant extension of a missed appeal deadline. See *Town of Killington*, 2003 VT 87A, ¶ 19

(holding that "an internal office procedure breakdown" in counsel's office is not excusable neglect for purposes of extending appeal deadline). But plaintiff through counsel sought to remedy the situation relatively quickly — within the appeal period, in fact — and defendant would not have suffered significant prejudice through the reinstatement of plaintiff's claims and defendant's counterclaims within weeks of the court's dismissal. See *Pioneer Inv. Servs.*, 507 U.S. at 395 (explaining ·that relevant factors in determining "excusable neglect" include danger of prejudice, length of delay, and good faith of party claiming excusable neglect). Although plaintiff's counsel made a mistake, there is no suggestion here that plaintiff or her lawyer acted in bad faith. *Id.* There is no evidence that plaintiff herself, as opposed to her lawyer, was responsible for the failure. See *Desjarlais*, 143 Vt. at 157, 463 A.2d at 237 (stating that courts should be particularly circumspect in considering a motion to set aside a default judgment "when the initial fault, at least, appears to be that of a defendant's attorney"). And based on the pleadings, the potential significance of the case is not insubstantial. Given these factors, we cannot conclude that the trial court acted within its discretion in declining to reopen the case for consideration on its merits.

*Reversed.*

¶ 15. **Reiber, C.J.,** dissenting. Though plaintiff may have suffered as a result of her attorney's deficient performance, calling into question the trial court's necessary and reasonable exercise of discretion is not the appropriate response or remedy. In my view, this Court ought to affirm the trial court's decision to deny plaintiff's motion for relief from judgment.

¶ 16. Time and again we have sought to highlight· the importance of attorneys' and parties' compliance with the trial courts' procedural requirements. Indeed, the majority stresses the salutary and essential nature of this compliance. *Ante*, ¶ 8.

¶ 17. This case was scheduled for a status conference in June 2012. At plaintiff's request, the court rescheduled the hearing for the following month. A notice to this effect was sent to the parties' attorneys. At the appointed time, neither plaintiff nor her attorney showed up. The court dismissed the case with prejudice that same day, noting that plaintiff and attorney had not come to court despite requesting the continuance and that defendant did not wish to pursue his counterclaim.

¶ 18. Nearly a month later, plaintiff's attorney filed a motion under Vermont Rule of Civil Procedure 60(b)(1), requesting relief from judgment based on excusable neglect. The majority sees fit to reverse the trial court and grant this request. I cannot agree.

¶ 19. Counsel's failure to properly calendar this conference is not excusable neglect. Rule 60(b)(1) permits the courts to relieve parties of a final judgment order for "mistake, inadvertence, surprise, or excusable neglect." "A motion for relief from judgment brought under V.R.C.P. 60(b)(2) is addressed to the sound discretion of the trial court, and its ruling will not ordinarily be disturbed unless it clearly appears from the record that such discretion was withheld or abused." *Desjarlais v. Gilman*, 143 Vt. 154, 157, 463 A.2d 234, 236 (1983); see also *Lyddy v. Lyddy*, 173 Vt. 493, 497, 787 A.2d 506, 513 (2001) (mem.) (trial court has discretion in deciding a Rule 60(b) motion and we must affirm "unless the record indicates that such discretion was abused"). Of the factors courts must consider in identifying "excusable neglect," the most important is the reason for the failure. See *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60, 838 A.2d 98 (discussing "excusable neglect" in the analogous context of an extension on the appeal time period under V.R.A.P. 4). In the context of appeal timeliness, we have consistently interpreted the excusable neglect standard very strictly, "lest there be a de facto enlargement of the appeal-filing time to sixty days." *Id.* ¶ 17 (internal office procedure breakdown not excusable neglect as matter of law); see *In re Lund*, 2004 VT 55, ¶ 7, 177 Vt. 465, 857 A.2d 279 (mem.) (mistaken reading of rule not excusable neglect); *Bergeron v. Boyle*, 2003 VT 89, ¶ 22, 176 Vt. 78, 838 A.2d 918 (lawyer's vacation and internal office procedure breakdown not excusable neglect). That rationale is no less compelling here.

¶ 20. Counsel claims that he missed the conference — continued at his request — because he did not see the hearing listed on an online judiciary calendar that expressly omits scheduling information regarding hearings in the Superior Court, Civil Division, Chittenden Unit, where this case was proceeding. Even if consulting a calendar that specifically excludes the information counsel sought was a reasonable explanation for his failure to appear, counsel admits that he received written notice of the conference but did not enter it into his phone-based calendar system. This simply is not excusable neglect.

¶ 21. Plaintiff's counsel did not even take the appropriate steps to remedy the consequence that arose as a direct result of his

failure to comply with the court's scheduling order. Rather than appealing the dismissal or filing a timely motion to amend the judgment of dismissal under V.R.C.P. 59, counsel dragged his feet for weeks, filing the properly denied motion now subject to appeal. Indeed, when asked why he delayed for so long, counsel responded at oral argument: "Truth be told, I fell into a little bit of a panic when I got [notice of the dismissal with prejudice]. So it took me a little while to conjure up some argument which I had a legal basis for."

¶ 22. Nor can I can conclude that the interests of justice compel a different result. See V.R.C.P. 60(b)(6). Plaintiff's claim for eviction is moot because defendant has departed the property. Plaintiff also has abandoned her claim for rent because the parties' agreement did not obligate defendant to pay rent. All that remains, then, is plaintiff's claim for damages based on defendant's allegedly faulty repairs to her garage. While plaintiff may have lost the opportunity to litigate this claim, she also is not subject to defendant's defenses and counterclaims for betterment and promissory estoppel based on these same amendments to plaintiff's property. Moreover, plaintiff cannot claim relief under Rule 60(b)(6), the "catch-all provision," because her claim falls under Rule 60(b)(1). *Perrott v. Johnston*, 151 Vt. 464, 466, 562 A.2d 459, 460 (1989) (explaining that Rule 60(b)(6) "is available only when a ground justifying relief is not encompassed within any of the first five classes of the rule" (quotation omitted)).

¶ 23. Although the law plainly prizes the substantive resolution of legal disputes over their procedural dismissal, *Nichols v. Hofmann*, 2010 VT 36, ¶ 4, 188 Vt. 1, 998 A.2d 1040, it does not authorize imprudent attorneys to flout the court's schedule. See *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("[T]his judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion." (quotation omitted)). It is true, for example, as the majority observes, that we have weighed heavily this predisposition toward resolutions on the merits when considering Rule 60(b) motions in the context of default judgments against defendants. See, e.g., *Desjarlais*, 143 Vt. at 157, 463 A.2d at 236 ("A judgment by default effectively deprives a *defendant* of an opportunity to have the merits of his position determined through the normal adversary judicial process." (emphasis added)). Even this preference for

indulgence in reopening default judgments against defendants is often insufficient to justify overruling the trial court's exercise of discretion. See *id.* at 158, 463 A.2d at 237 (affirming trial court's denial of Rule 60(b) motion by defendant against whom default judgment was entered). In any event, a plaintiff's failure to adequately pursue a claim due to her attorney's carelessness or incompetence is distinct from the situation of a potentially unwitting defendant. Here, quite simply, this was plaintiff's case to prosecute or not.[4]

¶ 24. We provide the trial court with discretion in these matters precisely because it must be able to make the best use of its limited resources. When plaintiffs' attorneys fail to adhere to those guidelines but are nevertheless rescued from the consequences of that disregard, it works a disservice on defendants. Furthermore, when attorneys are permitted to inexcusably waste the courts' valuable and finite time, they erode access for other court users who do comply with the court's mandates and requirements.

¶ 25. I respectfully dissent. I am authorized to state that Justice Burgess joins this dissent.

---

[4] To the extent that plaintiff's attorney is solely responsible for her lost opportunity to litigate a claim, she may have other, more appropriate remedies.