STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 65-5-12 Vtec |
| | 23-3-15 Vtec |

Agency of Natural Resources,
    Petitioner

      v.

Robert Colaceci,
    Respondent

DECISION ON MOTION and
DECISION ON THE MERITS

The present matter concerns two administrative orders (AOs) issued by the Vermont Agency of Natural Resources (ANR) for alleged violations at Respondent Robert Colaceci's used tire facility and auto repair business on Route 15 on the Wolcott/Hardwick town line. ANR issued the first AO in 2012 (the 2012 AO), and Mr. Colaceci timely requested a hearing (Docket No. 65-5-12 Vtec). ANR served the second AO on Mr. Colaceci on March 17, 2015 (the 2015 AO). Mr. Colaceci failed to request a hearing on that AO within fifteen days as required by statute. See 10 V.S.A. § 8012(c). The Court issued an order on April 16, 2015, at which point the 2015 AO became a final judicial order. See 10 V.S.A. § 8008(d)(2). After lengthy procedural delays, the Court held a hearing on the 2012 AO on May 15, 2015. On May 26, 2015, Mr. Colaceci filed a motion to reopen the 2015 AO and to dismiss both enforcement actions (Docket No. 23-3-15 Vtec). That motion, along with the merits of the 2012 AO, are now before the Court. ANR is represented by Attorney John Zaikowski in these matters. Mr. Colaceci is self-represented.

**Procedural Background**

The 2012 AO alleges that Mr. Colaceci violated conditions of his solid waste management facility certification, the Vermont Solid Waste Management Rules (VSWMR), and the Vermont Hazardous Waste Management Rules (VHWMR). In the 2012 AO, ANR assessed a $54,000 penalty and ordered Mr. Colaceci to undertake various measures to bring his facility into compliance. Mr. Colaceci timely requested a hearing on the 2012 AO.

Around the time the 2012 AO was served, Mr. Colaceci was undergoing Chapter 13 bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Vermont. Ordinarily,

debtors in bankruptcy enjoy an automatic stay of all litigation, but certain "police and regulatory" actions are not subject to the automatic stay. See 11 U.S.C. § 362(a), (b). ANR therefore sought an order from the U.S. Bankruptcy Court that the 2012 AO could continue under this "police and regulatory" exception. See 11 U.S.C. §362(b). On February 18, 2014, the Bankruptcy Court authorized ANR to proceed with the 2012 AO, but "only insofar as it may order Debtors to take remedial actions or to come into compliance with applicable provisions." In re Colaceci, No. 12-10382cab, at 1 (Bankr. D. Vt. Feb. 18, 2014). The Bankruptcy Court specifically ordered that "the Agency of Natural Resources is enjoined from seeking to enforce or reduce to judgment any civil penalties sought in connection with the [2012 AO]." Id.

Meanwhile, Mr. Colaceci's solid waste facility certification—the permit that authorizes him to accept used tires as solid waste, which ANR alleged he violated in the 2012 AO—was set to expire in September 30, 2014. One of the conditions of his certification was that Mr. Colaceci file a renewal application by April 2014. Mr. Colaceci failed to do so. He eventually submitted a renewal application on September 30, 2014, which ANR received on October 3, 2014. ANR deemed the application to be "administratively incomplete" and did not grant the renewal.

On October 13, 2014, ANR sent Mr. Colaceci a notice of alleged violation for continuing to operate his facility without a certification. Mr. Colaceci did not respond. In November of 2014, ANR sent Mr. Colaceci a letter stating that it intended to draw upon an $8,000 escrow account that Mr. Colaceci established in 2009 as part of his original certification, and which was dedicated to fund closure of the facility. In January of 2015, an ANR inspector toured Mr. Colaceci's property, accompanied by Mr. Colaceci, to observe his facility. In February, ANR drafted its second AO, alleging that Mr. Colaceci was continuing to operate his facility without a permit, and posted it for public comment, as required by 10 V.S.A. § 8020. On February 25, 2015, ANR moved to continue the merits hearing on the 2012 AO, which had been set for March 11, on the basis that it was planning to serve Mr. Colaceci with a second AO in the near future, and that this second AO could affect the relief it sought under the 2012 AO. ANR sent copies of that motion to Mr. Colaceci. The Court granted the motion, noting ANR's rationale, and sent copies of the order to Mr. Colaceci.

ANR finally served the second AO on Mr. Colaceci on March 17, 2015 (the 2015 AO). ANR filed a sheriff's return of service with the Court showing that the Lamoille County Sherriff's Office served this AO on Mr. Colaceci on March 17, 2015. In the 2015 AO, ANR alleges that Mr. Colaceci

2

continued to operate his facility after his solid waste facility certification expired on September 30, 2015. It orders Mr. Colaceci to "[i]mmediately cease operation of the facility" and to "implement the facility closure plan." It also orders Mr. Colaceci to provide ANR with the account number for the $8,000 escrow account at Chittenden Bank dedicated to closing his facility. Mr. Colaceci did not request a hearing on the second AO within fifteen days as required by statute. See 10 V.S.A. § 8012(c). The Court issued a judgment order on April 16, 2015, at which point the 2015 AO became a final judicial order. See 10 V.S.A. §§ 8008(d), 8012(c).

On May 15, 2015, the Court held a site visit followed by a one-day merits hearing on the 2012 AO. Mr. Colaceci and ANR participated in the hearing.

On May 26, 2015, Mr. Colaceci filed a "motion to reopen" and a request for a hearing on the 2015 AO. Mr. Colaceci also moved to dismiss the 2015 AO on grounds that ANR unfairly refused to process his certification renewal application, and that closing his facility would violate his Chapter 13 plan. Finally, Mr. Colaceci moved to dismiss both AOs on grounds of selective prosecution.

Concerned that the remedy ANR sought under the 2015 AO might go beyond the scope of the "remedial actions" authorized by the Bankruptcy Court, the Court held a hearing on Mr. Colaceci's motion, with particular attention to Mr. Colaceci's arguments that the 2015 AO would violate his Chapter 13 plan.[1] At the conclusion of the hearing, the Court ordered ANR to seek authorization to pursue the 2015 AO from the Bankruptcy Court.

On April 13, 2016, the U.S. Bankruptcy Court issued an order authorizing ANR to seek closure of Mr. Colaceci's facility. In re Colaceci, No. 12-10382cab, at 1 (Bankr. D. Vt. Apr. 13, 2016). It also authorized ANR to access the $8,000 escrow account at Chittenden Bank dedicated to closure of Mr. Colaceci's facility. The Bankruptcy Court's order continued to enjoin ANR from pursuing monetary penalties. Id.

Because the Bankruptcy Court's order clarifying the scope of the "remedial actions" ANR is allowed to take alleviates the Court's concerns regarding Mr. Colaceci's Chapter 13 plan, Mr.

---

[1] The Court did not hold a full hearing on Mr. Colaceci's Rule 60(b) motion because he did not request one. See Altman v. Altman, 169 Vt. 562, 586 (1999) ("We have held that the court deciding a Rule 60(b) motion should hold a hearing where there has been a dismissal in the nature of a default or nonsuit. Nevertheless, our rules plainly require that a moving party who wishes to present evidence must submit a request for a hearing with the motion or within five days thereafter, together with a statement of the evidence offered." (citations omitted)). Mr. Colaceci requested a hearing on the underlying 2015 AO, but he did not request a hearing on his motion, or offer a specific statement of evidence related to the motion. See Respondent's Request for a Hearing at 1, filed May 26, 2015.

Colaceci's motions to reopen the 2015 AO appeal, as well as the merits of the 2012 AO appeal are now ripe for review. The Court will address Mr. Colaceci's motion to reopen the 2015 AO before turning to the merits of the 2012 AO appeal.

**Request to Reopen, Request for a Hearing, and Motion to Dismiss All Enforcement Actions**

Mr. Colaceci has moved to reopen the 2015 AO and has requested a hearing. Under Rule 4(a)(2) of the Vermont Rules of Environmental Court Proceedings, which governs enforcement matters before the Court, the Vermont Rules of Civil Procedure and the Vermont Rules of Appellate procedure apply to enforcement matters unless another procedure is expressly provided in the V.R.E.C.P. There is no explicit procedure in V.R.E.C.P. 4 for requesting a hearing on an AO that has already become a final judicial order. When a respondent fails to request a hearing on an AO, the resulting judgment is akin to a default judgment; as such, Rule 55 (governing relief from default judgments) is applicable to a request to reopen an administrative order in which no hearing has been held.[2]

Rule 55(c) provides that "the court may set [a default judgment] aside in accordance with Rule 60(b) and not otherwise." Under Rule 60(b), the court may relieve a party from the effects of judgment in the case of: (1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." In the context of a default judgment, courts should be particularly lenient in applying this standard because of the law's strong preference for decisions on the merits. Ying Ji v. Heide, 2013 VT 81, ¶ 6, 194 Vt. 546.

Interpreted generously, Mr. Colaceci's motion invokes prongs 1, 4, and 6. He argues that the judgment under the 2015 AO is void because of improper service of process of the AO, stating that he "ha[s] no present recollection of being served any administrative order."[3] Respondent's

---

[2] Unlike matters that come before this Court under 10 V.S.A. § 8504, a hearing on an administrative order is not an "appeal" of a decision by ANR so much as it is a first-impression hearing on the order. Compare 10 V.S.A. § 8504 (titled "Appeals to the Environmental Division") with 10 V.S.A. § 8012 (titled "Request for a Hearing"). The Court generally applies Vermont Rule of Appellate Procedure 4(d) to late appeals under 10 V.S.A. § 8504. See, e.g., In re Davis WW/WS Permit, No. 167-11-14 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2015). Rule 4(d) would preclude Mr. Colaceci's request here, however, because a party may only move to extend an appeals deadline for 30 days after the original deadline. V.R.C.P. 4(d). Rule 60(b), however, allows a party to move for relief from judgment for one year after the judgment is entered.

[3] Mr. Colaceci adds that "[t]he only documents served on me were recently by the Lamoille County Sheriff's Department." Respondent's Response at 1, filed June 15, 2015. It is unclear what documents Mr. Colaceci is referring to by this comment, but it is entirely possible that it was actually the 2015 AO, which the Lamoille County Sherriff's Deputy attests to having served in March 2015.

Resp. to Secretary's Mem. at 1, filed June 15, 2015. He argues excusable neglect, offering that "perhaps some documents fell through the cracks" because his wife primarily handles paperwork for the household, and she has been sick with cancer for some time. Id. Finally, he invokes the sixth catch-all prong, arguing that it would be unjust to enforce the judgment because closing his facility would harm his creditors. Finally, Mr. Colaceci's motion also attacks the merits of the 2015 AO, arguing that ANR deliberately refused to process his renewal application; that ANR is selectively prosecuting him; that ANR improperly interfered with a business contract; that he has not, in fact, accepted used tires since his certification expired; that he does not need a certification to sell used tires to his auto repair customers; and that all tires on his facility are in trailers, which do not require solid waste facility certification.

    a.    *Rule 60(b)(4): Voidness of the Judgment*

We turn first to Mr. Colaceci's assertion that he was not served with the 2015 AO. Where there has been no proper service of process against a defendant and the defendant has not waived service of process, there is no personal jurisdiction over the defendant, and a default judgment against the defendant is void. See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2695; id. § 2862. Where there has been no service of process, a defendant may therefore move for relief from a default judgment under Rule 60(b)(4) on grounds that the judgment is void. 10A Wright, Miller & Kane, supra § 2862; see also Blodgett Supply Co. v. Lowery, No. 2005-141, 2005 WL 6152378, at 1 (Vt. 2005) (mem.).

A sheriff's return of service is prima facie evidence of proper service if it identifies the address of service and the person served. See Blodgett, 2005 WL 6152378, at *1 (citing Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808–09 (7th Cir. 1969)). A defendant's sworn denial of receipt of service will overcome the presumption created by a sheriff's return of service, but only if the defendant swears to "specific facts to rebut the statements in the process server's affidavits." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (quoting Simonds v. Grobman, 277 A.D.2d 369, 369 (N.Y. App. Div. 2000)). Furthermore, the Vermont Supreme Court has held that lack of technical service of process in a suit does not render a default judgment void where a defendant has actual notice of a pending suit. Myers v. Brown, 143 Vt. 159, 167 (1983).

Here, ANR submitted a sheriff's return of process to the court when it filed its 2015 AO. That return of service states that the Lamoille County Deputy Sheriff served Mr. Colaceci in hand

5

at 7013 Route 15 in Wolcott, Vermont. This is prima facie evidence of proper service. Mr. Colaceci equivocally denies service, stating that he has "no present recollection of being served." Respondent's Resp. at 1, filed June 15, 2015. He offers no "specific facts" to rebut the sheriff's return of service, however, and thus fails to rebut the presumption that service was proper. See Old Republic, 301 F.3d at 57.

Furthermore, the 2015 AO should not have come as a surprise to Mr. Colaceci. In the fall and winter of 2014 and 2015, Mr. Colaceci had five distinct indications that a second AO was imminent: in October 2014, ANR sent him a notice of alleged violation (which it has no obligation to do, see 10 V.S.A. § 8006(a)); in November, ANR sent him a letter stating that it was drawing on his facility-closure escrow account; in February, it moved to continue the hearing on the 2012 AO, explaining that it was planning to serve a second AO on Mr. Colaceci, and ANR sent a copy of that motion to Mr. Colaceci; and, finally, the Court issued an entry order granted ANR's motion to continue and noting that a second AO was imminent, and mailed a copy of that entry order to Mr. Colaceci. At the very least, Mr. Colaceci had constructive notice that a second AO was imminent. In this context, Mr. Colaceci's equivocal denial of service is not sufficient to rebut the sheriff's return of service or the layers of constructive notice. Therefore, we conclude that the judgment is not void for lack of service.

b.    *Excusable Neglect*

Mr. Colaceci argues that the 2015 AO may have slipped through the cracks due to his wife's and his son's illness. When a party seeks relief from a default judgment on grounds of excusable neglect, the court must consider whether neglect is excusable considering: (1) the degree of defendant's culpability (2) the prejudice to the non-defaulting party caused by the defaulting party's delay; (3) whether the defaulting party raises material issues of fact or meritorious defenses; and (4) the significance of the interests at stake. LaFrance Architect v. Point Five Development S. Burlington, LLC, 2013 VT 115, ¶ 15, 195 Vt. 543.

As to the first factor, Mr. Colaceci is culpable for his failure to timely respond to the 2015 AO. As discussed above, he had ample notice throughout the fall and winter of 2014 and 2015 that a second AO was forthcoming. Not only did Mr. Colaceci fail to timely request a hearing on the 2015 AO, but he failed to promptly move for relief—his 60(b) motion comes seventy days after he was first served with the AO and fifty-five days after the deadline to request a hearing on the 2015 AO. While the Court is sympathetic to Mr. Colaceci's wife's illness and to Mr.

6

Colaceci's financial difficulties, these difficulties do not absolve him of his responsibility to respond to legal matters in a timely fashion, especially when he has ample warning of the need to respond.

As to the second factor, ANR has suffered unusual prejudice due to Mr. Colaceci's delay in this matter. ANR specifically moved to continue the merits hearing on the 2012 AO because the pending 2015 AO could affect the relief sought in the first enforcement action. Had Mr. Colaceci timely responded to the 2015 AO, the two AOs could have been coordinated and considered in a single trial. If the Court were to grant Mr. Colaceci's request for a hearing on the 2015 AO, ANR would be forced to undergo significant effort and expense that could have been avoided by timely response.

As to the third factor (regarding meritorious claims or defenses), in his motion, Mr. Colaceci asserts that ANR unfairly refused to process his renewal application, that ANR is selectively prosecuting him, and that an ANR agent interfered with a lucrative business contract and caused his bankruptcy. Reading his motion generously, he also challenges the substance of the alleged violation and invokes two exceptions to the Solid Waste Management Rules' certification requirement—the recycling exception and the transport exception. See VSWMR §§ 6-301(b)(4), (7).

ANR's decision not to renew Mr. Colaceci's solid waste facility certification occurred on October 3, 2014. This decision was appealable under 10 V.S.A. § 8504. Mr. Colaceci did not appeal the decision. It is therefore final and binding, and cannot be challenged here. Mr. Colaceci's motion also fails to make out a prima facie case of selective prosecution. While he does allege that others similarly situated have not been prosecuted for conduct similar to his, he has not shown or alleged impermissible motives on the part of ANR (such as race, religion, or his exercise of constitutional rights), a necessary element of a selective prosecution defense. See State v. Zaccaro, 154 Vt. 83, 92 (1990). And, while Mr. Colaceci's allegations that an ANR agent interfered with a business contract might state a valid tort claim, that claim is not a defense in an enforcement action. Finally, though Mr. Colaceci implicitly invokes two valid exceptions to the permit requirement, he offers no facts or legal arguments as to why he qualifies for these exceptions.[4]

---

[4] The recycling exception excepts "[r]ecycling facilities which accept, aggregate, store and/or process less than 50 tons of recyclable materials per year. VSWMR § 6-301(b)(4). Mr. Colaceci has not alleged that he meets this tonnage requirement or that he is a "recycling facility." The transport exception exempts "Mobile Sold Waste

Turning to the fourth factor, the Court does register some concern about the weight of the interests at stake. The AO seeks a broad remedy—it orders Mr. Colaceci to "cease operation of his facility." This penalty is serious. Furthermore, the violation alleged in the 2015 AO is that Mr. Colaceci is continuing to operate his facility despite his expired solid waste facility certification. It does not allege any other substantive violation of the Vermont Solid Waste Management Rules or Vermont Hazardous Waste Management Rules. Thus, this second AO essentially arises out of ANR's own decision to deny Mr. Colaceci's renewal application, and the AO itself is silent as to the reasons for denying that application.

While the Court registers some concern that it does not know the reasons for ANR's denial of Mr. Colaceci's September 2014 renewal application, we note that Mr. Colaceci could have avoided this entire situation had he timely filed a renewal application for his solid waste facility certification in April of 2014. He ultimately filed a renewal application on the very day his certification was set to expire. This allowed no cushion for addressing deficiencies in his facility or his application. Any imbalance between the severity of the violation alleged in the 2015 AO (failure to recertify) and the remedy sought (closure) is therefore partly due to Mr. Colaceci's own neglect.

The Court has been sympathetic to Mr. Colaceci's family's financial and medical difficulties. But, even with these difficulties, Mr. Colaceci's failure to promptly respond to the 2015 AO is not excusable given the degree of warning leading up to the 2015 AO. Given that three of the four factors weigh against Mr. Colaceci, and that the fourth weighs but little in his favor, the Court concludes that Mr. Colaceci's neglect is not excusable, even in the more lenient and equitable context of a default judgment. The Court therefore rejects his motion as to Rule 60(b)(1).

c. *"Any other reason"*

Rule 60(b) contains a final "catchall" provision, allowing a court to vacate a judgment for "any other reason" it deems just. V.R.C.P. 60(b). The "other reasons" Mr. Colaceci identifies are

---

Collection Operations" if the vehicle is registered and inspected, the vehicles used prevent release of solid wastes, and the solid wastes collected are delivered to a solid waste management facility within 48 hours of collection. V.S.W.M.R. § 6-301(b)(7). Mr. Colaceci appears to acknowledge that his tire trailers lack proper registration. In any evident these trailers appear to have been on his property for a long period of time—they do not deliver tires to a certified facility within 48 hours.

that he is "judgment-proof" and that closing his business will harm his creditors in his Chapter 13 proceedings.

The Bankruptcy Court has enjoined ANR from seeking monetary penalties, and ANR seeks none in the 2015 AO. The fact that Mr. Colaceci is "judgment-proof" is therefore not relevant to this enforcement action. Mr. Colaceci claims that Chittenden Bank has taken the escrow account established for the ultimate closure of his facility and that he therefore has no funds to comply with the closure order. Respondent's Mot. to Reopen at 2. But this does not excuse him from the responsibility of providing ANR with the account number for his escrow account, as required in the 2015 AO, so that ANR can confirm or deny this claim. Furthermore, the Bankruptcy Court has authorized ANR to pursue enforcement of the 2015 AO, even though it seeks to close the facility and claim the $8,000 escrow account. Mr. Colaceci's proffered reasons do not entitle him to relief under Rule 60(b)(6).

In conclusion, the judgment in the 2015 AO is not void for lack of service of process, Mr. Colaceci's neglect in responding to the 2015 AO is not excusable, and there are no other reasons to justify relieving him from judgment under the 2015 AO. The Court therefore **DENIES** Mr. Colaceci's request to reopen and request for a hearing. Because the 2015 is a final and binding judgment that the Court will not revisit, the Court also **DENIES** Mr. Colaceci's motion to dismiss the 2015. The 2015 AO stands as a valid judicial order.

### Merits of the 2012 AO

ANR issued the 2012 AO on May 15, 2012, ordering that Mr. Colaceci pay a $54,000 penalty and to take the following steps to bring his facility into compliance: (1) cease burning used oil; (2) sample and test his stored used fuel oil; (3) move all used tire piles at least 10 feet from his property line; (4) build tire bunkers for his used tires; (5) post a copy of his facility management plan on-site; (6) refrain from storing solid waste on his property without a certification; (7) submit quarterly reports and franchise tax returns; (8) label used oil containers and store them on impervious surfaces; (9) hire an environmental consultant to develop a work plan for investigating and remediating contaminated areas, and complete the necessary remediation work; and (10) remove junk vehicles from the property.

The Court ultimately held a full merits hearing on the 2012 AO on May 15, 2015, and the merits of that AO are now under advisement. Given the Court's decision not to reopen the 2015 AO which orders Mr. Colaceci to close his facility in accordance with a facility closure plan,

however, the remedies sought in the 2012 AO are now unnecessary.  The 2012 AO also seeks a monetary penalty, which, pursuant to the Bankruptcy Court's order, the Court is not authorized to impose.  The merits of the 2012 AO are therefore **MOOT**.

### Conclusion

We **DENY** Mr. Colaceci's motion for relief from judgment under Rule 60(b), and decline to hold a hearing on the merits of the 2015 AO.  The 2015 AO therefore stands as a valid judicial order, and Mr. Colaceci must comply with its provisions.  In light of this decision, the relief sought in the 2012 AO is **MOOT.**

This concludes the matters before the Court.  A judgment order accompanies this decision.

Electronically signed on August 19, 2016 at 02:23 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division