*Capital One Bank (USA), N.A. v. Polchies*, 527-9-17 Wncv (Teachout, J., Oct. 30, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 527-9-17 Wncv** |

**CAPITAL ONE BANK (USA), N.A.**
　　**Plaintiff**

　　**v.**

**ROGER T. POLCHIES**
　　**Defendant**

### Defendant's Motion to Dismiss, filed September 14, 2017

This is a credit card collection case. Defendant Roger T. Polchies seeks dismissal, arguing that the complaint fails to comply with the minimum pleading requirements of V.R.C.P. Rule 9.1. Specifically, he claims that Plaintiff Capital One Bank (USA), N.A., failed to expressly allege in the complaint the date of default per Rule 9.1(d), and the amount of any post-default interest claimed per Rule 9.1(e). He speculates that these pleading deficiencies were specifically intended to undermine his argument about what interest rate (the credit card rate versus the statutory rate) applies between the default and charge off. He asserts without citation to any authority that "[d]ismissal is required because there is no other way to enforce the pleading requirement."

Capital One's failure to *expressly* set forth the date of default and post-default interest sought is technical only. The date of default may be inferred from the date of the last payment and payment interval. The amount of interest claimed between the default and charge off can be calculated by subtracting the amount due at default from the amount charged off. The rate and specific calculations can be clarified through discovery.

A complaint that does not reflect a good faith attempt at complying with Rule 9.1 or undermines its purpose may warrant dismissal or an amendment, depending on the circumstances. The facts Defendant claims are missing are reasonably inferable from other facts included. They do not affect issues of "standing" or limitations, nor do they cause Mr. Polchies prejudice through failure to sufficiently identify the basis for the claim in the manner required by Rule 9.1. Generally, "the law favors disposition of cases on their merits." *Ying Ji v. Heide*, 2013 VT 81, ¶ 6, 194 Vt. 546. Here, neither dismissal nor amendment is warranted.

For the foregoing reasons, Mr. Polchies' motion to dismiss is *denied*.

Dated at Montpelier, Vermont this _____ day of October 2017.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Mary Miles Teachout
　　　　　　　　　　　　　　　　　　Superior Judge