VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 9-1-20 Vtec

---

## VT Woodchips Real Estate Holdings, LLC Conditional Use & Site Plan Appeal

# ENTRY ORDER

Title:          Motion to Dismiss

Filer:          Christopher Corsones, attorney for Applicant, VT Woodchips Real Estate Holdings, LLC

Filed Date:     December 17, 2021

Memorandum in Opposition filed by Cheyanne Pugliese and Janice Pelc-Pugliese, pro-se Appellants, December 22, 2021

This appeal concerns a municipal zoning permit granted by the Town of Londonderry Development Review Board ("DRB") to VT Woodchips Real Estate Holdings, LLC ("Applicant"). It is being coordinated with an older case to which we have assigned docket number 102-9-19 Vtec, which is an appeal of a Notice of Violation issued to Applicant.  The Notice of Violation ("NOV") informed Applicant that it was violating the terms of its existing zoning permit through certain operations conducted on its property.  While it appealed that NOV, the company applied for a new permit authorizing the operations in question.  The DRB granted that permit and Appellants Janice Pelc-Pugliese, Cheyanne Pugliese, and Romano Pugliese ("Appellants") appealed to our Court. Domenic Mangano, an abutting landowner, has also entered an appearance in this docket as an interested party, as has the Town of Londonderry.  The Parties have agreed to first seek a resolution in the permit appeal as it may help determine the resolution of the NOV appeal.

Presently before the Court is Applicant's motion to dismiss Appellants' appeal after their failure to appear at the two most recent status conferences in this matter.  Those conferences were held remotely on October 4, 2021, and December 6, 2021.  Applicants correctly note that under the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.), Rule 2(d)(1), "Unless a party or counsel is excused by the court in advance of the scheduled date, failure to attend a conference may result in sanctions, including dismissal of the appeal or entry of default."  The Vermont Rules of Civil Procedure contain a similar rule, V.R.C.P. 41(b)(2), pursuant to which a defendant may move to dismiss an action or claim for a plaintiff's failure to prosecute that action or claim.  Failure to appear at a scheduled hearing is indeed a serious matter, as it is likely to "needlessly sap[] judicial resources and presumably impose[] costs on [the other parties] in both time and attorney's fees."  Ying Ji v. Heide, 2013 VT 81, ¶ 8, 194 Vt. 546.  Nevertheless, as the plain text of the rules and the case-law make clear, whether to impose sanctions is at the Court's discretion and dismissal is but one of the possible sanctions.

Mitigating circumstances in this case suggest dismissal is not appropriate. Cheyanne Pugliese and Janice Pelc-Pugliese have indicated that their failure to appear at the October 4 conference resulted from their mistakenly calendaring the conference for the following day, an assertion they have supported by producing an email they sent the Court on October 5 asking to be allowed into the conference. Appellants also attempted to join the December 6 conference approximately twenty minutes after its scheduled start time and after the Court had concluded the conference with the other parties in their absence. In their opposition to the present motion, Appellants indicated that their tardiness at the second trial stemmed in part from issues with securing childcare while working and that they intend to fully prosecute this appeal.

Further, we do not believe that there has been substantial prejudice to Applicant from Appellants' failure to appear at these conferences. The October 4 conference was the first conference subsequent to a site visit conducted by Judge Durkin, and had the purpose of scheduling the matter for trial. At that conference, Applicant represented to the Court that Scott Howe, the principal of Vermont Woodchips and its planned chief witness, was undergoing medical treatment. Partly as a result of that treatment, and partly as a result of Applicant's desire for an in-person trial, which was made more difficult to accommodate by the ongoing COVID-19 pandemic, Applicant requested that an in-person trial be scheduled in April 2022. Subsequently, by a letter to the Court, Applicant requested that the trial not occur before late May 2022, due to a new round of treatments begun by Mr. Howe.

We called the December status conference partly in response to this request and partly as a result of the parties' (including both Appellants' and Applicant's) failure to submit precise unavailable dates for trial. In light of these facts, we conclude that Appellants' failure to appear at these conferences has not impaired Applicant's ability to protect its interests during this litigation.

Taken together, Appellants' good-faith explanations for missing the two conferences, their assertion that they intend to fully pursue this appeal, and the lack of prejudice to Applicant thus far indicate that dismissal is not an appropriate sanction. This holding is consistent with the Vermont Supreme Court's decision in Jing Yi v. Heide, 2013 VT 81, where the Court overturned the trial court's denial of a motion to reconsider its dismissal of an action due to the plaintiff's attorney's failure to appear at a status conference. The Court stated that "only rarely would a sanction of final termination of the case be appropriate" for a failure to appear at a conference, id. at ¶ 6 (quoting State v. Jones, 157 Vt. 553, 557 (1991)), given that "the law favors disposition of cases on their merits." Id. (citing Nichols v. Hofmann, 2010 VT 36, ¶ 4, 188 Vt. 1. Therefore, while the Court did not believe that the attorney's mis-calendaring of the conference constituted "excusable neglect" under the standard for a motion to reconsider, it still overturned the denial of that motion as an abuse of discretion. Moreover, the Court stated, "if we were reviewing *on direct appeal* the trial court's decision to dismiss plaintiff's case, we would *readily conclude* that the trial court exceeded its discretion by dismissing plaintiff's case outright with no notice to plaintiff because counsel failed to appear at a status conference." Id. at ¶ 9 (emphasis added).

Nor would attorney's fees for the time spent on the conferences be an appropriate sanction. *See* id. at ¶ 8 (suggesting attorney's fees as one possible alternative sanction). Both conferences were short, lasting no more than 23 minutes each. Nor did either conference require much in the way of preparation. More to the point, both were necessary regardless of Appellants' failure to appear, taking Appellants at their word that they intend to fully pursue this appeal. Asking for briefing on why Appellants should not be ordered to pay Applicant's costs would likely require the parties to spend more time than these two conferences required combined.

We conclude that an appropriate sanction is to warn Appellants that missing any further status conferences, or missing any Court-ordered deadlines, will be grounds for the Court imposing a sanction upon one or more of Appellants, including possible dismissal of this action.

**SO ORDERED.**

Electronically signed on March 11, 2022, at Newfane, VT pursuant to V.R.E.F. 9(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division