Vermont Superior Court
Filed 12/01/24
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01936

---

**WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al**

---

## ENTRY REGARDING MOTION

Title:        Motion to Strike and Motion to Compel (Motion: 5)
Filer:        Fuad Ndibalema
Filed Date:   October 25, 2024

Defendants have moved to strike Plaintiff's answer to their counterclaims and to compel discovery. Plaintiff opposes the request.

The motion to strike challenges the timing of the answer and its substance. First, despite the Court's durational order regarding Plaintiff's earlier motion to stay, this case remained "stayed" on the Court's docket until today. As a result, the Court cannot conclude that Plaintiff was required to take the affirmative action of filing an answer the face of the stay. Additionally, even if filed out of time, the answer now has been filed, and it is clear that Plaintiff intends to contest the counterclaims. Vermont has a strong policy in favor of deciding cases on their merits. *Ying Ji v. Heide*, 2013 VT 81, ¶ 14, 194 Vt. 546, 552 (noting "the law's preference for adjudication on the merits"); *Desjarlais v. Gilman*, 143 Vt. 154, 158-89 (1983) (Vermont prefers resolving litigation on the merits). Under such circumstances, to the extent the answer is tardy, the Court accepts it.

Second, a motion to strike provides narrow relief. While Rule 12(f) gives the Court the power to strike "any insufficient defense," in this jurisdiction, it has rarely been used to that end. As our Supreme Court has counselled: "A motion to strike is not designed as a mechanism for presenting disputes about law or fact." *Watson v. Vill. at Northshore I Assn., Inc.*, No. 2013-451, 2014 WL 3714662, at *2 (Vt. May 9, 2014) (3-Justice Opinion). That approach dovetails well with the Supreme Court's emphasis on the fact that affirmative defenses need not be pled with any particularity or any factual description to pass muster under Vt. R. Civ. P. 8(c). *Mintz v. Matalon*, 148 Vt. 442, 444 (1987).

Views of commentators and other courts regarding the dangers of the misuse of such motions also cautions against employing Rule 12(f) expansively, as Plaintiff suggests. As noted in Federal Practice and Procedure:

Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harrassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party. Nonetheless, these motions are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts. But even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial.

5C Charles Wright, *et al., Fed. Prac. & Proc. Civ*. § 1381 (3d ed.); *see Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1294 (7th Cir. 1989) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."); *Lipsky v. Commonwealth United Corp*., 551 F.2d 887, 893 (2d Cir.1976) ("courts should not tamper with the pleadings [through motions to strike] unless there is a strong reason for so doing" (internal quotation omitted)); *Fox v. Poole*, No. 06CV148, 2006 WL 3419779, at *2 (W.D.N.Y. Nov. 28, 2006) (defenses may be stricken only if "unworthy of any consideration as a defense and … their presence in the pleading throughout the proceeding would be prejudicial to the movant").

In light of the above and the concerns raised by such motions, the Court will grant a motion to strike an answer under Rule 12(f) only in the plainest of circumstances and where the movant can demonstrate palpable prejudice. Those circumstances do not exist in this case. While Defendants may have expended resources in vetting the defenses, such a claim could be made with regard to any motion under rule 12(f). Something more than such ordinary give and take of litigation is required. And the Court cannot determine from the pleadings that the defenses set out in the answer lack all legal and factual merit.

The motion to strike is denied.

Defendants' second motion seeks to compel discovery. The Court does not believe, however, that the present request for sanctions under Vt. R. Civ. P. 26 and 37 satisfies the requirements of Vt. R. Civ. P. 26(h). Typically, letters and even emails between counsel/parties are insufficient, in the Court's view, to meet Rule 26(h)'s demand that counsel/parties "confer" in an attempt to resolve or narrow the scope of any discovery dispute. Indeed, the Reporter's notes to Rule 26 advise that there must be "consultation" between counsel concerning discovery differences.

As suggested by its earlier order in this case, the Court expects that counsel/parties will "converse, confer, compare views, consult and deliberate," *Augustine v. Adams*, No. 95–2489–GTV, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) (internal quotation omitted), in advance of seeking discovery sanctions. *See Tri-Star Pictures v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997);

*Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1966) (similarly interpreting analogous federal rules). Usually, one or even a few unproductive letters do not meet the requirement that counsel confer. *See Wilbert v. Promotional Resources*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999); *Prescient Partners, LP v. Fieldcrest Cannon, Inc.,* No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) ) (conferring requires "live exchange of ideas and opinions" (internal quotation omitted)).[1]

Here, while Defendants' filing shows they made discovery demands of Plaintiff, it does not reflect any substantive discussions or meetings between the parties concerning the instant dispute.

Accordingly, the motion for discovery is denied without prejudice. Defendants may re-file after complying with Rule 26(h), as outlined above. The Rule 26(h) process is designed to afford both sides the opportunity to discuss, reflect upon, and potentially to compromise their positions without need of Court involvement. The Court encourages that process in this case.

*      *      *

Lastly, the Court also notes that it has lifted the stay in this matter effective today. The Court sees that a motion for summary judgment has been filed. Any response to that shall be filed within 30 days of the lifting of the stay and the Court's issuance of the notice concerning summary judgment practice. Any other motions are subject to a 14-day response time.

Electronically Signed on November 27, 2024, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge

---

[1] The unreported, three-Justice decision in *Volvovitz v. High Ridge Owners Ass'n*, No. 2007-272, 2008 WL 2811208, at *3 (Vt. Feb. 2008) (mem), is not to the contrary. There, the Court imposed sanctions under Rule 37 for a party's failure to comply with a prior Court order concerning discovery. That order specifically advised the party that it could be subject to sanction, including dismissal, for failing to comply with the discovery order. This case is different because the movant is not seeking enforcement of an existing Court order concerning discovery. The *Volvovitz* Court also went on to suggest that the conferring between counsel may not be mandatory if that process would be futile. This Court declines to adopt such an exception, at least in this case. If a futility exception to Rule 26(h) exists, it is exceedingly narrow and has not been established on the facts presented here.

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al

22-CV-01936 WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1 v. Fuad Ndibalema et al