**James R. Van Eps and Tami L. Van Eps v. Fletcher A. Johnston, Lawrence M. Johnston, Robert J. Johnston and Ronald O. Johnston and Ralph Perry**

[553 A.2d 1089]

No. 87-448

Present: **Allen, C.J., Peck and Dooley, JJ., and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed August 26, 1988

*Sullivan, Sullivan & Enzor*, Rutland, for Plaintiffs-Appellants.

*Timothy N. Maikoff*, Rutland, for Defendants-Appellees John-ston.

*Ellen W. Burgess* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee Perry.

**Allen, C.J.** This is an appeal from the order of the Rutland Superior Court dated September 21, 1987, denying a motion by plaintiff's counsel to strike the sanctions imposed on him by that court. We reverse and remand for a hearing on the sanctions.

The underlying dispute involves a claim against defendants for misrepresentation of the quality of the water supply at the home purchased by the plaintiffs. The case was scheduled for trial on July 1, 1987. Plaintiffs' counsel arrived at the courthouse on the scheduled date without his clients, having told them that the case would settle and they need not appear. At a conference held in chambers immediately before trial was to begin, counsel for the parties disagreed as to whether the case was settled, and the attorney for the plaintiffs moved to continue because of the absence of his clients. The trial court, after reviewing the history of the negotiations between the parties, ordered entry of judgment for the plaintiffs pursuant to the settlement agreement the court concluded the parties had reached. The court went on to impose sanctions in the amount of $2,000 in attorney's fees and witness's expenses, for the cost to the defendants of preparing for and attending trial, to be paid by plaintiffs' attorney personally.

Plaintiffs filed a motion to strike the sanctions, or, in the alternative, to set aside the entire judgment, on the ground that the trial court lacked authority to impose the sanctions. The court

denied the motion, stating that the motion was predicated on the false belief that plaintiffs themselves were liable for the sanctions due defendants. The court made it clear that the sanctions were against the attorney personally, for having "negotiated in bad faith," and were not to be paid by plaintiffs. It granted leave to renew the motion, "in the proper manner."

The motion was renewed and the trial court denied it, stating that plaintiffs' attorney "was sanctioned because he was not prepared to go to trial on July 1, 1987, not because of what transpired on June 30th [when he attempted to reach counsel for defendant-Perry to settle the case]." It is from this order, denying plaintiffs' motion to strike the sanctions, set aside the judgment or dismiss the case without prejudice, that this appeal is taken.

The imposition of sanctions is appealed on the grounds that (1) the trial court had no legal authority to impose sanctions in the form of attorney's fees in the absence of a statute or contract; (2) even if the court had authority, it erred by failing to conduct hearings and make findings of fact and conclusions of law regarding the reasonableness of the amount of attorney's fees; and (3) plaintiffs' attorney made good faith efforts to settle the case before trial.

▮ Courts have inherent power to discipline the attorneys who practice before them. "The Court's inherent power to discipline is not derived from the Constitution, or, necessarily, from the statutes of the State. It has existed from time immemorial." *In re Haddad,* 106 Vt. 322, 325-26, 173 A 103, 105 (1934) (citations omitted). Thus, this Court has the power to disbar an attorney admitted to practice before it. *Id.* The inherent power of discipline exists in the trial courts as well, albeit their powers are less than those of this Court.

While the general rule in federal courts is that litigants bear their own costs for attorney's fees, federal trial courts have the inherent power to assess attorney's fees against counsel for the willful disobedience of a court order as well as for acting in bad faith. *Roadway Express, Inc.* v. *Piper,* 447 U.S. 752, 765-66 (1980). This federal "bad faith exception" for awarding attorney's fees as sanctions against counsel applies both to the filing and the conduct of litigation. *Id.* at 766.

Likewise, several state courts have held that trial courts have the inherent power to impose sanctions in the form of attorney's fees against counsel for misconduct. The Supreme Judicial Court

of Maine has held that its promulgation of rules for attorney discipline does not deprive trial courts "of their inherent power to take other appropriate actions in a case before them to protect the integrity of the judicial system." *State* v. *Grant,* 487 A.2d 627, 629 (Me. 1985); see also *Eberly* v. *Eberly,* 489 A.2d 433, 449 (Del. 1985) ("A court has the inherent power to assess attorney's fees against counsel when that lawyer has acted in bad faith or wilfully abused the judicial process." (citation omitted)); *Charles* v. *Charles,* 505 A.2d 462, 467 (D.C. 1986) (trial court has inherent power to assess attorney's fees against counsel for repeatedly ignoring court orders to answer the complaint); *Coburn v Domanosky,* 257 Pa. Super. 474, 480-81, 390 A.2d 1335, 1338 (1978) (trial court could assess expenses against counsel whose delay in scheduling proceeding resulted in prejudice to other party, under its inherent power to conduct business in orderly manner).

We agree that trial courts have the inherent power to assess expenses against an attorney in the form of consequential damages suffered by the opposing side, such as attorney's fees and witness's expenses, incurred due to the attorney's abuse of the judicial process. Abuse of the judicial process includes acting in bad faith, *Roadway Express,* 447 U.S. at 766, ignoring court orders, *Charles,* 505 A.2d at 467, and scheduling delays causing prejudice to the opposing party, *Coburn,* 257 Pa. Super. at 480-81, 390 A.2d at 1338.

We concur with the following observations by the United States Supreme Court with respect to some lawyers:

> Due to sloth, inattention, or desire to seize tactical advantage, lawyers have long indulged in dilatory practices. A number of factors legitimately may lengthen a lawsuit, and the parties themselves may cause some of the delays. Nevertheless, many actions are extended unnecessarily by lawyers who exploit or abuse judicial procedures, especially the liberal rules for pretrial discovery. The glacial pace of much litigation breeds frustration with the . . . courts and, ultimately, disrespect for the law.

*Roadway Express,* 447 U.S. at 757 n.4 (citations omitted).

We also agree with the trial judge in this case that:

> Courts are charged with the supervision of members of the bar as officers of the court. Courts control the calendar, and

through it control the fair and efficient administration of justice to litigants. Courts must manage their own time and resources and establish priorities. Courts must instill respect in both litigants and litigators for the law and the legal process. To do all this, courts must have the power to sanction.

Having determined that the trial court had inherent authority to impose the sanctions at issue, we turn to the question of whether it followed the appropriate procedure in assessing attorney's fees here.*

"Because inherent powers are shielded from direct democratic controls," [*Roadway Express*], 447 U.S. at 764, 100 S.Ct. at 2463, and because liberty and/or property interests may be affected by their exercise, a court not only must use sound discretion and restraint in relying on inherent powers, *id.*, but also must assure due process—fair notice and an opportunity to be heard on the record—before imposing a sanction based on those powers. *id.* at 767, 100 S.Ct. at 2464; *Brady [v. Fireman's Fund Insurance Co.]*, 484 A.2d [566] at 568-69 [D.C. 1984].

*Charles*, 505 A.2d at 465.

■ "[A]n attorney is entitled at least to a meaningful opportunity to argue, either in open court or on paper, against the imposition of any such sanctions against him." *Brady* v. *Fireman's Fund Insurance Co.*, 484 A.2d at 569. Here, the attorney was given the opportunity to argue whether sanctions should be imposed. In addition, the court gave thoughtful consideration to his subsequent motions to strike the sanctions as is evidenced by its detailed and carefully considered opinions. The difficulty is that the court's initial order imposed the sanctions because the attorney negotiated in bad faith. The attorney's motions and the evidence submitted in their support are directed to this issue. It does not appear that he was being sanctioned for being unprepared to go to trial until the court's final order. Under these circumstances it cannot be concluded that the attorney was given

---

* Because of our disposition of this case, we do not decide whether there were sufficient grounds to impose sanctions in this case under either of the theories enunciated by the trial court. We can make that determination, if necessary, after the development of a full record and further findings and conclusions by the trial court.

fair notice and an opportunity to be heard on the issue for which he was ultimately sanctioned.

This error also taints the amount of the sanctions, as they were calculated to reimburse counsel for the time spent in the preparation for and attendance at trial on the date scheduled caused by the perceived bad faith negotiating. This included amounts spent in preparation for days well in advance of the scheduled trial date. Conceivably, the change in the reason for the sanction might alter the amount of damages if the measure of damages is the expense to the opposing parties due to the perceived dereliction. The order of the superior court must be reversed, and the matter is remanded for a further hearing on the issue of the imposition of sanctions and the amount thereof. As no appeal has been taken from that part of the order awarding judgment to the plaintiffs, it is affirmed.

*The judgment of the Rutland Superior Court, insofar as it imposes sanctions against plaintiffs' counsel, is vacated, and the matter is remanded for an evidentiary hearing on the sanctions. It is otherwise affirmed.*