*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-190

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Albert Gionet | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Bernadette Bousquet | } | DOCKET NO. 26-2-12 Ancv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his defamation lawsuit and the assessment of partial attorney's fees after he failed to appear for a second time for a scheduled merits hearing. Defendant cross-appeals arguing that the superior court abused its discretion by not requiring plaintiff to reimburse her for all of her attorney's fees, given the circumstances of this case. We affirm the dismissal of plaintiff's lawsuit and the court's award of partial attorney's fees as a sanction for his failure to prosecute the lawsuit. Regarding the cross-appeal, we remand the matter for defendant, if she so desires, to have an opportunity to present evidence demonstrating that plaintiff's lawsuit was frivolous, thereby allowing the court in its discretion to award defendant the remainder of her attorney's fees.

The parties were divorced in 2005 after more than forty years of marriage. In 2007, defendant obtained a relief-from-abuse (RFA) order based on the trial court's conclusion that plaintiff had threatened defendant and placed her in imminent fear of serious bodily harm. Plaintiff appealed, and a three-justice panel of this Court upheld the RFA order. See Bousquet v. Gionet, No. 2007-342, 2008 WL 2792768 (Vt. Mar. 14, 2008) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. In December 2011, defendant sought another RFA order against plaintiff. Two days before the scheduled final hearing on defendant's complaint, plaintiff filed a motion to continue the hearing, stating that he wanted to subpoena defendant's pastor. Plaintiff did not appear for the hearing even though the court had not ruled on his motion. At the hearing, the court denied plaintiff's motion and granted defendant's request for a new RFA order after she testified about plaintiff's controlling and stalking behaviors.

Shortly thereafter, in February 2012, plaintiff sued defendant, seeking $50,000 for defamation based on his claim that defendant falsely accused him of criminal trespass in a letter and in her testimony at the RFA hearing. Defendant, who obtained counsel, moved for summary judgment, arguing that because the court at the RFA hearing found her allegations to be true, she had an absolute defense to plaintiff's defamation claim. The superior court denied the motion for summary judgment, reasoning that because defendant had alleged numerous stalking behaviors at the RFA hearing, it could not be conclusively determined that the RFA court had resolved

each of those allegations in her favor on the merits. The court then scheduled a bench trial for November 14, 2012. Defendant notified the court and plaintiff that she would be seeking attorney's fees under 12 V.S.A. § 5771 if the court found his suit to be frivolous. Plaintiff responded by seeking discovery of the names and contact information for defendant's church elders and her boyfriend.

Plaintiff failed to appear for the November 14, 2012 hearing, which was attended by defendant and her attorney. As a result, the court dismissed his lawsuit. The following day, plaintiff asked the court to reinstate the lawsuit, claiming a medical emergency the previous day. The court reinstated the lawsuit and rescheduled the trial for January 23, 2013. Plaintiff arrived at the court early that day and filed a motion to compel disclosure of the identities of defendant's boyfriend and church elders. According to plaintiff, he then sat in the wrong courtroom for approximately an hour past his trial's scheduled start time. The court dismissed his lawsuit with prejudice again based on his second nonappearance and instructed defendant's counsel to file a memorandum of law with authority on the issue of attorney's fees.

The court denied plaintiff's ensuing motion to reinstate his lawsuit a second time, citing his history of filing last-minute continuance requests and finding that he purposely failed to appear for the hearing. As for defendant's motion for attorney's fees, the court stated that although it "cannot conclude on this record that the lawsuit was entirely frivolous," defendant was entitled to attorney's fees incurred in preparing for trial and appearing at the January 23 hearing and in preparing for and responding to certain motions, insofar as plaintiff purposefully failed to appear at the January 23 hearing in an effort to harass defendant. In the end, the court awarded defendant $1386 of the $3147 in attorney's fees she requested.

On appeal, plaintiff argues that the superior court erred by dismissing his lawsuit and awarding partial attorney's fees to defendant. Regarding the dismissal, he argues that he had been before that particular judge in the correct courtroom only one time previously and that he had a medical excuse when he failed to appear for the first scheduled merits hearing. In short, plaintiff contests the superior court's findings and assessment of his credibility in support of its decision to dismiss the lawsuit.

The court did not find credible plaintiff's excuse for failing to appear for the second scheduled hearing—that he mistakenly sat in another courtroom for over an hour without checking the court's conspicuously posted court calendar or inquiring as to why the presiding judge and other litigants were not in the courtroom. We will not review the court's assessment of credibility on appeal. See Knutsen v. Cegalis, 2011 VT 128, ¶ 13, 191 Vt. 546 (mem.) (stating that credibility determinations are solely within province of fact finder and are not considered anew on appeal). We conclude that the superior court acted within its discretion in dismissing plaintiff's lawsuit after plaintiff failed for the second time to appear for a scheduled hearing without prior notification or an excuse that the court found to be credible. The court had already dismissed the case once based on plaintiff's failure to appear so plaintiff was certainly on notice that a second incident of failing to appear for a scheduled hearing would result in dismissal of the case. See Ji v. Heide, 2013 VT 81, ¶ 5, __ Vt. __ (citing V.R.C.P. 41(b)(2) as giving trial court authority to dismiss case based on failure to attend scheduled court hearing).

We recognize that the law generally favors disposition of cases on their merits, that sanctions against litigants should be proportionate to their offenses, and that courts should be wary of imposing sanctions without notice and an opportunity to be heard. Id. ¶¶ 6-7. But in

this particular instance, given plaintiff's prior failure to appear at a scheduled merits hearing and the court's findings that plaintiff willfully failed to appear for a second scheduled hearing for the purpose of harassing defendant, the court acted within its discretion in dismissing his lawsuit alleging that plaintiff had defamed him while testifying at an RFA hearing. Id. ¶ 6 (citing John v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 517, 519 (1978) for proposition that court must find bad faith or deliberate and willful disregard for court orders and prejudice to party seeking sanction before imposing ultimate sanction of dismissal).

Regarding the superior court's award of partial attorney's fees, plaintiff argues that fees could not be awarded under 12 V.S.A. § 5771 because the court did not find based on the record before it that his lawsuit was frivolous, and that the court could not award partial attorney's fees without a separate motion from defendant. In her cross-appeal, defendant argues that § 5771 does not require a defamation claim to be "entirely frivolous"—the standard applied by the superior court—to award attorney's fees. According to defendant, in light of plaintiff's egregious actions in filing a frivolous defamation claim against his impoverished ex-wife for the sole purpose of harassing her, the court abused its discretion in granting her an award of only partial attorney's fees. We conclude that the court's award was within its discretion.

Regarding plaintiff's argument, defendant sought attorney's fees pursuant to V.R.C.P. 54(d)(2) (stating that claims for attorney's fees may be made by motion in pending action), arguing that she was entitled to attorney's fees under § 5771 "and to sanction Plaintiff's vindictive use of the judicial process to harass" her. Section 5771 provides as follows: "If judgment is rendered for a defendant in a defamation action and the court finds that the action was frivolous and without merit, the court may award costs and reasonable attorney's fees to the defendant." As noted, the superior court stated that, on the record before it, it could not conclude that plaintiff's defamation suit was frivolous; nevertheless, the court awarded defendant partial attorney's fees based on its findings that plaintiff intentionally failed to attend the second scheduled merits hearing for the purpose of harassing plaintiff, who had obtained a second RFA order against him. A lawsuit is either frivolous or not frivolous. The court's determination that it could not find plaintiff's lawsuit "entirely frivolous" on the record before it was equivalent to a determination that it could not unequivocally find the lawsuit to be frivolous based on the limited record before it. Therefore, § 5771 is not applicable to the court's instant award of partial attorney's fees.

Nevertheless, defendant asked that attorney's fees be awarded as a sanction for plaintiff's purposeful non-appearance with an intent to harass her, and the superior court awarded partial attorney's fees on that basis. We conclude that, given the court's findings and conclusions, which are supported by the record, the court did not abuse its discretion in making its award as a sanction for plaintiff's willful nonappearance for the merits hearing in the case, which caused defendant to incur expenses, including attorney's fees, as a direct result of plaintiff's conduct. See Van Eps v. Johnston, 150 Vt. 324, 327 (1988) (holding that trial courts have "inherent power" to assess attorney's fees incurred due to abuse of judicial process); see also Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) (holding that trial court has inherent authority to impose attorney's fees on pro se litigant acting in bad faith or for oppressive reasons). Accordingly, we reject plaintiff's argument challenging the superior court's award of partial attorney's fees.

Regarding defendant's cross-appeal, we conclude that defendant should be given an opportunity to present evidence to demonstrate that plaintiff's lawsuit was frivolous. Although the court concluded that on the limited state of the record it could not determine whether

3

plaintiff's lawsuit was "entirely frivolous," there was no hearing on defendant's motion for attorney's fees that would have given defendant an opportunity to present evidence to demonstrate that the lawsuit was frivolous. Accordingly, defendant should be given the opportunity, should she so desire, to convince the court that it should award all of her attorney's fees under § 5771. Finally, regarding defendant's request for attorney's fees incurred on appeal, she must direct that request to the superior court pursuant to Vermont Rule of Appellate Procedure 39(f) and Vermont Rule of Civil Procedure 54(d)(2) within fourteen days of this Court's issuance of the mandate in this case.

The superior court's dismissal of plaintiff's defamation lawsuit and its award of partial attorney's fees are affirmed. The matter is remanded to allow defendant thirty days from the date of this entry order to file a request for a hearing on whether she should be awarded all of her attorney's fees under 12 V.S.A. § 5771 because plaintiff's lawsuit was "frivolous and without merit."

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

4