NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 120

No. 2016-003

| | |
|---|---|
| Provident Funding Associates, L.P. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| Arnold and Peggy Campney, et al. | January Term, 2017 |

William D. Cohen, J.

Andrew S. Cannella of Bendett and McHugh, P.C., Farmington, Connecticut, for
  Plaintiff-Appellant.

John J. Welch, Jr., Rutland, for Defendant-Appellee Joan Campney.

Paul S. Kulig of Kulig Law Offices, P.C., Rutland, for Defendants-Appellees Arnold and
  Peggy Campney.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.  **REIBER, C.J.**  Senior mortgagee appeals the trial court's order dismissing junior mortgagee as a defendant from senior mortgagee's fourth foreclosure action against mortgagors. The trial court determined that junior mortgagee was entitled to dismissal as an equitable remedy because senior mortgagee had imposed unnecessary costs on junior mortgagee by repeatedly filing foreclosure actions against defendants and failing to prosecute them to completion. The court's order had the effect of reordering the priority of mortgages, making senior mortgagee's interest

second in priority to that of junior mortgagee.[1]  We reverse and remand for the court to consider monetary sanctions, such as attorney's fees, as an alternative sanction.[2]

¶ 2.     This is the fourth in a series of foreclosure actions involving a parcel of real property in Clarendon, Vermont.  In March 2007, defendants-mortgagors Arnold and Peggy Campney executed a promissory note to E-Loans, Inc. for $310,000, secured by a mortgage on the Clarendon property.  The note and mortgage are now held by senior mortgagee Provident Funding Associates, L.P., the plaintiff in this case, pursuant to a special endorsement.  Junior mortgagee Joan Campney also held a mortgage on the Clarendon property that was recorded in 2004.  She signed a subordination agreement in March 2007 in which she agreed that her mortgage would be inferior in priority to senior mortgagee's mortgage.

¶ 3.     Mortgagors failed to make payments called for under the note and mortgage, and senior mortgagee filed a foreclosure action against them in October 2008.  Junior mortgagee was also named as a defendant.[3]  The action was dismissed without prejudice at senior mortgagee's request in January 2009.

¶ 4.     In August 2009, senior mortgagee filed another foreclosure action against the same defendants.  Senior mortgagee moved for default judgment, but it apparently did not provide proof

---

[1]  For purposes of this opinion, we use the terms "senior mortgagee" to refer to Provident Funding, L.P., and "junior mortgagee" to refer to Joan Campney.

[2]  The parties to this case also filed a number of motions on appeal.  We deny senior mortgagee's motion to strike mortgagors' brief.  Senior mortgagee also moved to strike junior mortgagee's entire supplemental printed case on the basis that it is not allowed because there is already an electronic file.  We deny the motion and grant junior mortgagee permission to file the supplemental printed case.  We grant junior mortgagee's responsive motion seeking to amend her brief to replace citations to the printed case with citations to the electronic file.

[3]  Other parties were also named as defendants in the various foreclosure complaints due to later-recorded judgment liens.  None of these defendants' interests are at issue in this appeal.

that it was the holder of the promissory note. In October 2009, the court ordered senior mortgagee to produce an endorsed note to establish its standing to foreclose upon the mortgage. Senior mortgagee did not respond. The court dismissed the action for failure to prosecute in January 2010.

¶ 5.    Senior mortgagee filed a third foreclosure action in December 2010. In June 2011, the court sent notice to senior mortgagee that the action would be dismissed because it appeared that the defendants had not been served with the complaint. Senior mortgagee did not respond, and the court dismissed the action in August 2011 due to senior mortgagee's failure to prosecute the case. Senior mortgagee filed a motion to reopen, alleging that it had provided proof of service. The court denied the motion in November 2011 because there were several other irregularities with senior mortgagee's filings and senior mortgagee had failed to respond to the court's warning of dismissal.[4]

¶ 6.    Senior mortgagee commenced the present action in January 2012. Junior mortgagee moved to dismiss the case, arguing that the court's previous dismissals operated as an adjudication on the merits under Vermont Rule of Civil Procedure 41(b)(3) and barred further litigation of the same claims.

¶ 7.    The trial court granted junior mortgagee's motion in an order issued in June 2012. Although the motion ostensibly sought to dismiss the entire case, the court only addressed whether

---

[4] On appeal, senior mortgagee moved to strike certain documents introduced by junior mortgagee in her printed case, including orders and docket entries from these three prior foreclosure actions. We deny the motion. Although these documents do not appear in the electronic file on appeal, the trial court plainly took into account the cumulative effect of the prior proceedings. Whether or not the trial court did in fact review these specific documents, we take judicial notice of them because they are necessary for the proper understanding of what occurred in the previous three foreclosure actions and are therefore necessary for the disposition of the present appeal.

the dismissal of the third action rendered finality to the interests of junior mortgagee in the present action. The court agreed with senior mortgagee that the present action was a "new claim" because "further defaults have occurred since the [third claim] was filed." The court held that senior mortgagee was not precluded under Rule 41(b) from filing the present action against junior mortgagee, despite the dismissals of the earlier actions.[5] It based this conclusion on U.S. Bank National Ass'n v. Kimball, in which we held that the dismissal "with prejudice" of a foreclosure suit for lack of standing did not cancel the underlying note or mortgage or preclude subsequent foreclosure proceedings "based on proven delinquency." 2011 VT 81, ¶ 23, 190 Vt. 210, 27 A.2d 1087.[6]

¶ 8.    However, the trial court determined that because foreclosure proceedings are equitable in nature, it could use its equitable powers to dismiss junior mortgagee as a defendant.[7]

---

[5]    V.R.C.P. 41(b)(3) provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

[6]    We distinguished Kimball in the more recent case of Cenlar FSB v. Malenfant, 2016 VT 93, ¶ 36, __Vt.__, 151 A.3d 778, on the ground that the critical factor in Kimball was that the first foreclosure action was dismissed on jurisdictional grounds, and thus could not operate as an adjudication on the merits of the underlying indebtedness on the note and the mortgagee's ability to pursue a foreclosure based on a proven delinquency. Id. ¶ 18, n.4. In Cenlar, we concluded that a dismissal with prejudice of a foreclosure action does have preclusive effect that prevents a mortgagee from pursuing the full measure of principal and interest due under a note. Id. ¶¶ 33-35. However, we concluded that a lender may enforce a portion of the outstanding principal and prospective interest, and may use the mechanism of foreclosure to do so, but only if the lender first provides specific notice to the borrower of various matters identified in the Cenlar decision. Id. ¶ 36. There is no evidence in this case that senior mortgagee provided any such notice in this case. Mortgagors did not cross-appeal, and junior mortgagee did not raise this issue in her brief. We therefore do not consider whether it is an alternative basis for dismissal. Cf. Deutsche Bank Nat'l Tr. Co. v. Watts, 2017 VT 57, __Vt.__, __A.3d__ (applying holding of Cenlar to pending appeal where borrowers raised issue on appeal).

[7]    In Kimball, we rejected the borrower's argument that the trial court could have dismissed the first foreclosure with prejudice on equitable grounds due to the bank's allegedly inconsistent

The trial court concluded that "undisputed facts" supported the equitable remedy of dismissal of senior mortgagee's effort to foreclose junior mortgagee's interest:

> [Junior mortgagee] has had to hire an attorney and respond to legal issues in three prior cases brought against her in which [senior mortgagee] was not prepared to proceed, and her attorney was obliged to attend a hearing in the third case at which [senior mortgagee] did not show good cause to reopen after the case was dismissed. In all cases the court was prepared to reach the merits of the case but [senior mortgagee] was not prepared. The third case was dismissed based on [senior mortgagee's] own failure to pursue its case in accordance with the requirements of the Rules of Civil Procedure, even after a Notice of Potential Dismissal from the court. [Junior mortgagee] has incurred the inconvenience of preparing to meet the merits and she has incurred significant expense and inconvenience of hiring an attorney. In the third case in particular, [senior mortgagee], after failing to show standing on two prior occasions, did not even properly serve the defendants as required by the rules, and did not respond on time to the Court's notice of potential dismissal when that was called to [senior mortgagee's] attention.

It therefore found that there was "no good reason to permit [senior mortgagee] to pursue yet another case against" junior mortgagee. It granted junior mortgagee's motion to dismiss, ruling that senior mortgagee was precluded from foreclosing against her interest in the property.

¶ 9. Senior mortgagee sought leave to take an interlocutory appeal, which this Court denied. The case was then stayed for several months because mortgagors filed for bankruptcy. The bankruptcy stay was lifted in September 2013 so that the trial court could resolve the foreclosure action.

¶ 10. Senior mortgagee subsequently moved for summary judgment against mortgagors. Mortgagors responded by moving to dismiss the case in its entirety, arguing that the court lacked

---

and fraudulent filings. 2011 VT 81, ¶ 23. We ruled that "[w]hile the trial court may have had discretion to exert its equitable powers in this manner, no findings were made to support such a conclusion, and we will not speculate on a matter of such importance." Id. The trial court's ruling appears to be based at least in part on this statement.

jurisdiction over the matter once it dismissed junior mortgagee as a defendant. In the alternative, they asked the court to set lien priorities. Senior mortgagee then filed a motion asking the court to reconsider the June 2012 order, arguing that the court failed to take evidence on junior mortgagee's motion to dismiss and therefore misunderstood the facts surrounding the earlier dismissals. Senior mortgagee claimed that it did not pursue the second foreclosure because it had entered into a loan modification agreement with mortgagors, and that it had properly served defendants in the third action. Senior mortgagee further claimed that there was an insufficient record to support the court's determination that junior mortgagee suffered inconvenience and unnecessary attorney's fees due to the successive actions.

¶ 11. In August 2014, the court denied senior mortgagee's motion to reconsider the June 2012 order and granted its motion for summary judgment against mortgagors. The court concluded that the June 2012 order was proper because it was based on "the accurate historical record." Regarding the second foreclosure action, the court found that senior mortgagee never submitted evidence that it had entered into a loan modification agreement with mortgagors. The court also found that senior mortgagee never demonstrated that it effectuated proper service of its third foreclosure complaint but instead simply ignored the court's notice of intent to dismiss, resulting in dismissal of the action. The trial court observed that senior mortgagee did not raise any of these alleged factual discrepancies in opposing junior mortgagee's motion to dismiss.

¶ 12. The court also denied mortgagors' motion to dismiss. It explained that the June 2012 order effectively reversed the priority of the security interests, making junior mortgagee first in priority. It held that senior mortgagee, as a second-priority lienholder, could continue to foreclose upon mortgagors' interest despite the record of prior foreclosure attempts, because "[g]enerally, dismissals in foreclosure actions are without prejudice" and "[n]one of the previous

dismissals here reached the merits of the underlying indebtedness." Because mortgagors and the other remaining defendants had not raised any material disputes of fact, the court granted summary judgment in favor of senior mortgagee. In October 2015, the court issued a judgment and decree of foreclosure of judicial sale, which provided that if the defendants failed to redeem the property, it would be sold within six months after the redemption date or the conclusion of any appeal in this matter.

¶ 13. Senior mortgagee was granted permission by the trial court to appeal the June 2012 and August 2014 orders. See V.R.C.P. 80.1(m). On appeal, senior mortgagee argues that the trial court incorrectly interpreted the law and abused its discretion by dismissing senior mortgagee's claims against junior mortgagee and thereby reordering the lien priorities.

¶ 14. Before considering senior mortgagee's arguments, we note that unlike other recent foreclosure cases before this Court, the preclusive effect of the dismissal of senior mortgagee's prior foreclosure actions on the enforceability of the underlying note against mortgagors is not at issue in this appeal. See Cenlar, 2016 VT 93, ¶ 18 n.4; Deutsche Bank v. Pinette, 2016 VT 71, ¶¶ 16, 22, 202 Vt. 328, 149 A.3d 479 (holding that dismissal of foreclosure action due to lender's failure to file motion for default judgment operated as adjudication on merits under Rule 41(b), and barred subsequent foreclosure action where lender had not alleged new default after dismissal); Kimball, 2011 VT 81, ¶ 22 (holding that dismissal of prior foreclosure action with prejudice for lack of standing was not adjudication on merits under Rule 41(b)). As discussed above, the trial court in this case concluded that Rule 41(b) did not bar senior mortgagee's present foreclosure action, and mortgagors did not cross-appeal this ruling. Junior mortgagee does not challenge the trial court's Rule 41(b) ruling on appeal. Nor did she respond to senior mortgagee's argument in its brief that the ruling was correct. Instead, she argues exclusively that the trial court's decision

was an appropriate exercise of its equitable powers. In the absence of briefing on the topic by junior mortgagee, we decline to consider whether Rule 41(b) would impact junior mortgagee's interests. See R. Brown & Sons, Inc. v. Int'l Harvester Corp., 142 Vt. 140, 142, 453 A.2d 83, 84 (1982) ("Issues not briefed on appeal are deemed waived.").

¶ 15. We turn, then, to the central question posed by this appeal: whether the court appropriately invoked equitable authority to dismiss junior mortgagee as a defendant as a penalty for senior mortgagee's conduct in the prior foreclosure actions.[8] We review a court's exercise of its equitable authority for abuse of discretion. Currie v. Jané, 2014 VT 106, ¶ 19, 197 Vt. 599, 109 A.3d 876. We conclude that the litigation approach employed by senior mortgagee warranted sanction, but the court's dismissal of senior mortgagee's claim against junior mortgagee was erroneous. We therefore remand for the court to consider alternative sanctions.

¶ 16. The power to impose dismissal as a sanction must be exercised sparingly. Ying Ji v. Heide, 2013 VT 81, ¶ 6, 194 Vt. 546, 82 A.3d 1160. This is because "the law favors disposition of cases on their merits." Id. Furthermore, "sanctions against litigants should be proportionate to their offenses." Id. For this reason, we have held that "[t]he use of a dismissal sanction is proper only if the court finds that the defendant would be prejudiced by anything less than dismissal." In re F.E.F., 156 Vt. 503, 515, 594 A.2d 897, 905 (1991); see also State v. Jones, 157 Vt. 553, 557,

---

[8] We do not reach the threshold legal question of whether a court may invoke equity to reorder priorities in a foreclosure action. "[A] court's conclusion that equitable principles may apply is a legal determination that we review without deference." Cenlar, 2016 VT 93, ¶ 19 n.5. The trial court apparently concluded that because foreclosure proceedings are equitable in nature, it had the power to subordinate senior mortgagee's interests to that of junior mortgagee on the basis of an equitable analysis. Senior mortgagee argues that the determination of the order of priorities is a question of law in which equity plays no role, and therefore the trial court lacks the power to reorder mortgage priorities based on equitable considerations. Because we conclude that even if the trial court had the equitable authority to reorder priorities as a sanction, the trial court exceeded that authority in this case, we need not decide whether the trial court had the legal power to invoke equity to effectively reorder priorities in the first place.

601 A.2d 502, 504 (1991) (holding that where party fails to prosecute case, court should "fashion a sanction appropriate to the circumstances," and stating that "[o]nly rarely would a sanction of final termination of the case be appropriate").

¶ 17. The trial court was justifiably frustrated with senior mortgagee's litigation behavior. This was the fourth foreclosure action senior mortgagee had filed against defendants in less than four years. The second and third actions were dismissed due to senior mortgagee's documented failure to follow procedural rules and court orders. Junior mortgagee suffered the inconvenience and expense of having to hire an attorney to respond to each new action.

¶ 18. However, the record here does not show that junior mortgagee would be prejudiced by sanctions short of dismissal. Senior mortgagee's litigation behavior could have been sanctioned, and the harm to junior mortgagee redressed, with a less extreme sanction such as attorney's fees. See O'Rourke v. Lunde, 2014 VT 88, ¶ 33, 197 Vt. 360, 104 A.3d 92 (explaining that award of attorney's fees is permissible in "exceptional cases," such as where party is forced to undergo multiple rounds of litigation (quotation omitted)); Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 23, 182 Vt. 282, 938 A.2d 1215 (affirming award of attorney's fees to plaintiff as monetary sanction for defendant's failure to appear at scheduled jury draw). The trial court has inherent authority under the law of this State to award monetary sanctions against a litigant or attorney who abuses the judicial process. See Van Eps v. Johnston, 150 Vt. 324, 327, 553 A.2d 1089, 1091 (1988). "Abuse of the judicial process includes acting in bad faith, ignoring court orders, and scheduling delays causing prejudice to the opposing party." Id. (citations omitted). The court should have considered imposing monetary or other less drastic sanctions before proceeding to the extreme sanction of dismissal.

¶ 19.   As noted above, the dismissal of junior mortgagee was particularly problematic because it effectively reordered the priorities of the mortgages and subordinated senior mortgagee's interest in the property to that of junior mortgagee.  The court thereby gave junior mortgagee a windfall by placing her back in first priority, a position she had voluntarily relinquished "in exchange for good and valuable consideration" when she signed the 2007 subordination agreement.  This remedy was disproportionate to the harm suffered by junior mortgagee due to senior mortgagee's litigation conduct.

¶ 20.   We emphasize that we do not intend to excuse senior mortgagee's delays and failures to respond to court orders in the proceedings below.  The trial court was within its discretion in deciding to impose some form of sanction.  However, the trial court's dismissal of senior mortgagee's action against junior mortgagee was an unsustainable exercise of its inherent authority to discipline litigants and attorneys for their conduct.  We therefore reverse the trial court's June 2012 order dismissing junior mortgagee as a defendant and remand the action for the trial court to consider monetary sanctions against senior mortgagee.[9]

Reversed and remanded for the trial court to consider monetary sanctions.

FOR THE COURT:

_____

Chief Justice

_____

[9] Because mortgagors did not cross-appeal, we do not reach their argument raised in their brief that the trial court should revise its judgment decree for foreclosure and recompute any sums due on the mortgage in accordance with this Court's holdings in Cenlar.  See Huddleston v. Univ. of Vt., 168 Vt. 249, 255, 719 A.2d 415, 419 (1998) ("An appellee seeking to challenge aspects of a trial court's decision must file a timely cross-appeal unless . . . the party was content with the final order below, leaving it nothing to appeal." (citation omitted)).

10