STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 106-10-18 Vtec

| Punderson 2-Lot Subdivision |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Subdivision (106-10-18 Vtec)

Title:          Motion to Enforce Stay & for Sanctions (Motion 3)

Filer:          Mary Anne Sullivan, Martha Sullivan, and the Lois Sullivan Revocable Trust

Attorney:       Alexander J. LaRosa

Filed Date:     August 28, 2019

Response in Opposition filed on 09/03/2019 by Attorney Ebenezer Punderson for
       Appellee Frank Punderson

**The motion is GRANTED IN PART and DENIED IN PART.**

Mary Anne Sullivan, Martha Sullivan,[1] and the Lois Sullivan Revocable Trust, hereinafter referred to as Appellants, have appealed from the denial of their request for reconsideration of the approval of subdivision and development rendered by the Town of Salisbury Development Review Board ("DRB"). Appellants also sought a stay of the authority rendered by the DRB approval. However, by Entry Order filed on March 29, 2019, this Court determined that Appellants' stay motion was moot, since an automatic stay of this specific determination is created by 24 V.S.A. § 8504(f)(1)(B).

Appellants filed the current motion once they discovered that construction was occurring on the subject property. In response to the filing of this motion to enforce the automatic stay and for assessment of sanctions, Appellee/Applicant Frank Punderson ("Applicant") advised that he had not conducted or authorized the complained-of construction. Rather, Applicant advised that he had negotiated a sale of the subject property with a contractor, and that that contractor

---

[1] The Court has been made aware that, during the pendency of this appeal, Co-Appellant Martha Sullivan has passed. The undersigned extends his sympathies to Ms. Sullivan's family.

Upon a formal motion pursuant to V.R.C.P. 25(2), the Court will remove Martha Sullivan from this action as a listed Appellant and will allow the appeal to proceed in the name of the surviving Appellants. We provided a similar suggestion in a footnote to our March 29, 2019 Entry Order. No such motion has been filed to date; we therefore continue to list Ms. Sullivan as an Appellant in this matter.

had taken it upon himself to begin construction on the property, without advising Applicant or Appellants. Applicant further advised that he has directed that contractor to cease all construction activities and to not re-enter the property. Applicant further advised that he had notified the Town of Salisbury Zoning Administrator ("Administrator") and that the Administrator reported that he had visited the property and confirmed that construction activities had ceased.

Thus, the uncontested material facts presently before us are that, in the face of the automatic stay statutorily imposed in this appeal, a third-party contractor entered onto Applicant's property and began constructing a single-family residence without prior notice to Applicant, the Administrator, or Appellants. Upon becoming aware of the construction, Applicant instructed the contractor (not a party to this litigation) to immediately ceased his activities and remain off the property. The Administrator then independently verified that construction had stopped.

Given that the automatic stay imposed in this appeal by 24 V.S.A. § 8504(f)(1)(B) has not been voided or lifted by this Court, we hereby **GRANT** Appellants' motion to enforce that stay. We direct that neither Applicant nor anyone invited or acting under his authority may enter upon this property to conduct activities authorized by the approval that has been appealed to this Court. The automatic stay of that permit authority shall only be lifted upon the completion of this litigation or further order of this Court.

Appellants also move for this Court to impose sanctions upon Applicant as a consequence of this violation of the automatic stay provision. As Appellants correctly note, this Court has the inherent authority to impose sanctions upon a party to litigation. Lamell lumber Co. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 23, 182 Vt. 282, 296. Our Supreme Court has noted that trial courts are vested with this inherent discretionary authority "to protect the integrity of the judicial system or 'instill respect in both litigants and litigators for the law and the legal process.'" Id. (quoting Van Eps v. Johnston, 150 Vt. 324, 327–28 (1988)).

Appellants request that this Court consider three types of sanctions: (1) an award of fines and penalties; (2) order removal of all construction development; and (3) award Appellants reimbursement of the costs they incurred for seeking a stay and its enforcement.

Given that the final outcome of this litigation is undetermined, we defer any consideration of ordering Applicant to remove the partially completed development. Appellants have not detailed the costs that they have incurred in preparing and submitting either the pending motion or the original motion for stay, filed with the Court on November19, 2018. However, we recognize that Appellants have incurred some considerable expense in pursuing an enforcement of this automatic statutory stay, given the filings made to date. We therefore conclude that it is appropriate to impose a sanction of **$300.00** upon Applicant, to be paid to Appellants as a reimbursement of a small portion of the fees incurred in enforcing the statutory stay. We believe that it would be appropriate for the offending contractor to reimburse Applicant for this sanction. However, since that contractor is not a party to this litigation, we do not believe that we have the authority to direct such a reimbursement. We therefore leave it to Applicant to demand reimbursement, in connection with their efforts to complete the sale of any property and release of the site improvements to this contractor.

We decline to impose further sanctions upon Applicant.  For these reasons, we **grant in part and deny in part** Appellants' pending motion.

We request that our Court Operations Manager set this matter for a status conference so that the undersigned may discuss final trial preparations with the parties.

**So Ordered.**

Electronically signed on September 27, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Alexander J. LaRosa (ERN 5814), Attorney for Appellants Mary Anne Sullivan, Martha Sullivan, and the Lois Sullivan Revocable Trust
Ebenezer Punderson (ERN 3701), Attorney for Appellee Frank Punderson
James F. Carroll (ERN 1907), Attorney for Interested Person Town of Salisbury