STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 151-11-17 Vtec and
                                                  Docket No. 76-7-19 Vtec

| Snowstone, LLC JO #2-308 |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 Jurisdictional Opinion (151-11-17 Vtec)

Title:          Motion for Sanctions (Motion 11)

Filer:          Appellants/Interested Persons Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, James and Kim Bergeron, Paul Hogan, James and Maryellen Wichelhaus, Edward and Ellen Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Daniel and Judy Massey, Joseph Calzone, and Teresa Harrington

Attorney:       Merrill E. Bent

Filed Date:     January 10, 2020

Response in Opposition filed on 01/15/2020 by Attorney Lawrence G. Slason for Appellant Snowstone, LLC

**The motion is DENIED.**

A group of neighbors[1] ("Neighbors") are appealing a determination by the Vermont Agency of Natural Resources to authorize the discharge of stormwater proposed by Snowstone LLC ("Snowstone") pursuant to Vermont Multi-Sector General Permit #3-9003 (Docket No. 76-7-19 Vtec); Snowstone, LLC ("Snowstone") previously appealed an adverse Act 250 jurisdictional opinion determination issued by the Act 250 District 2 Environmental Commission Coordinator ("District Coordinator") ("JO Appeal"; Docket No. 151-11-17 Vtec). Now pending in both Dockets is the Neighbors' motion for sanctions against Snowstone and its attorney.

Concerning the JO Appeal, this Court previously bifurcated the merits decision, respectively addressing whether the proposed sale to Snowstone was an "arm's length transaction" and whether the evidence presented support Snowstone's assertion that its activities could be contained within the 0.93-acre parcel that it intended to acquire. See In re

---

[1] The Neighbors who submitted the above-captioned appeal are: Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, Kim and James Bergeron, Paul Hogan, Maryellen and James Wichelhaus, Ellen and Edward Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Judy and Dan Massey, Joe Calzone, and Teresa Harrington.

Snowstone LLC, JO #2-308, No. 151-11-17 Vtec, slip. op at 1–4 (Vt. Super. Ct. Envtl. Div. June 14, 2019) (Durkin, J.) [hereinafter Interim Order].   The first legal principal was resolved in Snowstone's favor.  See In re Snowstone, LLC JO #2-308, No. 151-11-17 Vtec, slip op. at 13–15 (Vt. Super. Ct. Envtl. Div. Nov. 27, 2018) (Durkin, J.) (concluding the contract represents an arm's length transaction).  The second legal principal remains pending in the JO Appeal, although the Court has questioned whether a subsequent hearing has been timely requested.  See, In re Snowstone, LLC JO #2-308, No. 151-11-17 Vtec, slip op. at 5–9 (Vt. Super. Ct. Envtl. Div. Jan. 28, 2018) (Durkin, J.) [hereinafter EO Granting Dismissal].

In the matter presently before the Court, Neighbors have moved for sanctions against Snowstone and/or its counsel based on the advancement of what the Neighbors regard as meritless legal and factual positions pursuant to V.R.C.P. 11(b).  Neighbors allege Snowstone's assertion that "the subject of Neighbors' appeal in Docket No. 76-7-19 Vtec is limited in scope by the Interim Order of this Court" presents a frivolous legal proposition and is contradicted by on-the-record evidence, thereby running afoul of V.R.E.C.P. 11(b)(2), (3) and (4).  Neighbor's Motion for Sanctions at 1–2, filed Jan. 10, 2020; see also Interim Order, at 1–4.  Snowstone responds by arguing that the motion for sanction is without legal basis, since the nature and scope of the Neighbors' right to appeal is limited to issues arising out of the Jurisdiction Opinion ("JO") appeal; and was based on a good faith difference of opinion regarding the Interpretation of this Court's Interim Order and Revised Merits Decision of February 21, 2019.  Snowstone's Response to Neighbors' Motion for Sanctions at 1–2, filed Jan. 15, 2020; In re Snowstone, LLC JO #2-308, No. 151-11-17 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 21, 2018) (Durkin, J.) [hereinafter Revised Merits Decision].

Rule 11 imposes upon attorneys and unrepresented parties an obligation to present a court with only those pleadings that assert claims, defenses or other legal positions "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  V.R.C.P. 11(b)(2); see Bennington Realty, LLC v. Jard Co., 169 Vt. 538, 538 (1999) (mem.).  Generally, a "trial court has inherent authority under the law of this state to award monetary sanctions against a litigant or attorney who abuses the judicial process."  Provident Funding Associates, L.P. v. Campney, 2017 VT 120 ¶ 18, 206 Vt. 384 (citing Van Eps v. Johnston, 150 Vt. 324, 327 (1988)).  Our Supreme Court defined abuse of the judicial process to include "acting in bad faith, ignoring court orders, and scheduling delays causing prejudice to the opposing party."  Id. (citations omitted).  Sanctions should not be imposed lightly and should "allow[] counsel to file an appropriate action, if one exists, on [a] plaintiff's behalf."  Deyo v. Pallito, No. 2012-397, 2013 WL 2922406, at *4 (Vt. June 3, 2013).

There is no basis for imposing sanctions on Snowstone in this case.  As noted in this Court's recent Decision granting Snowstone's motion to dismiss, the Court did not conclude in the Interim Order "that the Neighbors would have an unconditional right to maintain an appeal before this Court of the ANR stormwater discharge authorization."  EO Granting Dismissal, at 7.  The Interim Order was intended to allow Neighbors to be fully informed of the procedural process and information represented by Snowstone in its stormwater application and representations to the Department of Environmental Conservation.  Id. ("[The Interim Order] was not intended to provide Neighbors with carte blanche to present all manner of legal challenges and questions in a subsequent appeal to this Court of the DEC determination.").  While we recognize Neighbors'

frustration, this Court believes that the legal issues  in these coordinated appeals rise to a level of complexity that permits reasonable differences of interpretation.  This Court concludes that Snowstone's interpretation was reasonable, nonfrivolous, and therefore does not constitute an "empty-head pure-heart" justification.  See Reporter's Notes 1996 Amendment, V.R.C.P. 11; V.R.C.P. 11(b)(2).

For these reasons, we choose not to impose sanctions upon Snowstone or its counsel and **DENY** Neighbors' motion for sanctions.

**So Ordered.**

Electronically signed on January 29, 2020 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Lawrence G. Slason (ERN 2443), Attorney for Appellant Snowstone, LLC
Samantha Snow (ERN 6873), Co-Counsel for Snowstone, LLC
Merrill E. Bent (ERN 5013), Attorney for Appellants/Interested Persons Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, James and Kim Bergeron, Paul Hogan, James and Maryellen Wichelhaus, Edward and Ellen Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Daniel and Judy Massey, Joseph Calzone, and Teresa Harrington
Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board
Elizabeth Lord, Attorney for the Vt. Agency of Natural Resources (FYI Purposes Only)
David R. Cooper (ERN 4756), Attorney for Petitioners to Intervene Justin and Maureen Savage